# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 18-00293-18-CR-W-DGK |
| LOGAN TANNER LAWS, | |
| Defendant. | |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement:

1. **The Parties.** The parties to this agreement are the United States Attorney's Office for the Western District of Missouri (otherwise referred to as "the Government" or "the United States"), represented by Teresa A. Moore, United States Attorney, and Bruce Rhoades, Assistant United States Attorney, and the defendant, LOGAN TANNER LAWS ("the defendant"), represented by Dione C. Greene.

The defendant understands and agrees that this plea agreement is only between him and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state, or local prosecution authority or any other government agency, unless otherwise specified in this agreement.

2. **Defendant's Guilty Plea.** The defendant agrees to and hereby does plead guilty to The Information filed with the Court today, charging the defendant with a violation of 18 U.S.C. § 922(a)(6) and 924(a)(2), that is, Acquisition of Firearms using False Statements.[1]

Additionally, defendant admits the allegations of forfeiture, specifically dealing with any recovered firearms.

By entering into this plea agreement, the defendant admits that he knowingly committed this offense, and is in fact guilty of this offense.

3. **Factual Basis for Guilty Plea.** The parties agree that the facts constituting the offenses to which the defendant is pleading guilty are as follows:

During the dates alleged in the Information, and within the Western District of Missouri, Defendant Logan Tanner Laws is responsible for obtaining at least four (4) firearms that he obtained with the intent to transfer to and did then transfer to his brother, knowing or having good reason to believe his brother was prohibited from obtaining firearms, and knowing or having good reason to believe his brother was using firearms to obtain methamphetamine and that his brother obtained methamphetamine from individuals associated with the distribution of methamphetamine, including Federal Drug Defendant Trevor Scott Sparks, and knew that association resulted in some of the firearms obtained by Logan Tanner Laws that he transferred to his brother ended up in the possession of Sparks.

Defendant Logan Tanner Laws acquired at least four of these firearms by knowingly providing a false statement about material facts concerning the lawfulness of said acquisition and disposition of said firearms.

---

[1] The parties recognize that violation of this statute is more commonly referred to being a "straw purchaser" or "lying and buying."

2

Case 4:18-cr-00293-DGK   Document 695   Filed 10/17/22   Page 2 of 18

Firearms and records seized at 5501 Smart, Kansas City, Missouri, records from the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), records from the Kansas City, Missouri, Police Department (KCMOPD), and cooperator statements, support that at least the following firearms were involved.

| Make | Model | Caliber | Serial Number | Recovery Info |
|---|---|---|---|---|
| Smith & Wesson | SW40VE | .40 | DMV7530 | 1B32 5501 Smart |
| Taurus | G2C | 9 | TLS49750 | 1B38 5501 Smart |
| Ruger | EC9S | 9 | 455-03954 | 1B52 5501 Smart |
| Smith & Wesson | SD40VE | .40 | HEY3705 | 1B63 5501 Smart |
| Taurus | PT111 G2 | 9 | TKN19799 | 1B69 5501 Smart |
| Ruger | EC9S | 9 | 454-99301 | KCPD Case No. 18-99939 |

According to ATF records, Laws purchased a total of four firearms in November and December 2018. The four firearms were purchased at gun shops located in Unionville, Missouri, and Chillicothe, Missouri. Law's driver's license lists a Unionville address.

The above Smith & Wesson, SW40VE, serial number DMV7530, seized during the search warrant at 5501 Smart, was linked to a handwritten note found during the same search warrant. The note read "I logan laws sold a smith and Wesson 40 cal. to _____ For $350 December 15th serial Number is DWV7530". This "receipt" contains what appears to be Logan Laws' signature.

On December 30, 2018, the above Ruger, EC9S, serial number 454-99301, was seized by KCMOPD from B. Mc Jr. B. Mc Jr. is associated with a known co-defendant of Sparks. That co-defendant is related to B. Mc Jr. by marriage.

Cooperating Defendant W (CDW) provided multiple proffer interviews in 2019 and 2020. CDW identified Laws and his brother. The brother was identified as "the guy in overalls." Laws' brother weighs well over 500 pounds and always wears overalls. CDW identified the brother from 5501 Smart because the brother came there to trade guns with Sparks for methamphetamine. The guns sold were typically sold like new handguns, still in the case. CDW specifically recalled an event when CDW personally was involved in the gun deal because Sparks was not present when the transaction needed to take place. CDW estimated Sparks traded one ounce of methamphetamine per gun. CDW estimated these gun trades occurred no less than six times. The trades occurred in 2018, for approximately six months. CDW said the listed price of $350 on the receipt recovered from the Smart residence search warrant is approximately equal to an ounce of methamphetamine.

On August 22, 2019, cooperating witness JH identified a photograph of Logan Tanner Laws as someone JH had seen at the Smart residence.

Throughout this investigation, other co-defendants or cooperating witnesses confirmed these facts, among others, implicating Defendant Logan Tanner Laws in the charges to which he is pleading guilty herein. Aside from corroborating each other, some of these witnesses' information was also corroborated via recovered evidence.

Defendant additionally acknowledges that at least some acts committed in furtherance of the crime to which he is pleading, as charged in this Information, were committed within the Western District of Missouri, and at some point, during the dates alleged in the Information.

Additional evidence exists that may further implicate the defendant in the crime to which he is pleading, and other relevant acts, criminal or otherwise. The defendant acknowledges that evidence was provided to defendant's attorney via discovery and the defendant has had an opportunity to review all the discovery with the attorney prior to signing this plea agreement and further acknowledges that evidence, and any additional evidence obtained prior to sentencing, may affect the ultimately determined sentence of the defendant.

**4. Use of Factual Admissions and Relevant Conduct.** The defendant acknowledges, understands, and agrees that the admissions contained in Paragraph 3 and other portions of this plea agreement will be used for the purpose of determining defendant's guilt and advisory sentencing range under the United States Sentencing Guidelines ("U.S.S.G."), including the calculation of the defendant's offense level in accordance with U.S.S.G. § 1B1.3(a)(2). The defendant acknowledges, understands, and agrees that the conduct charged in any dismissed counts of the Information as well as all other uncharged related criminal activity may be considered as "relevant conduct" pursuant to U.S.S.G. § 1B1.3(a)(2) in calculating the offense level for the charges to which defendant is pleading guilty.

4

5. **Statutory Penalties.** The defendant understands that upon pleading guilty to **The Information** charging the defendant with a violation of 18 U.S.C. § 922(a)(6) and 924(a)(2), that is, Acquisition of Firearms using False Statements, the maximum penalty the Court may impose is not more than ten (10) years imprisonment and not more than a $250,000.00 fine. In addition, that the Court shall impose not more than three (3) years of supervised release and that this offense is a Class C felony.

Further, the defendant acknowledges that once the Court enters the forfeiture order to which the defendant is admitting that admission and resulting order will forever remove any right, claim or interest the defendant may have to the property set out in the Information, real and personal, and that thereafter, the defendant will have no ability to recover any part of said forfeited property and the defendant therefore agrees to make no effort, personally or through others, to regain possession of said property.

The defendant understands that for each count of conviction the Court shall impose a $100 mandatory special assessment, which must be paid in full *prior* to sentencing in this case. Failure to *timely* pay said assessment could result in the Government seeking a continuance of the sentencing until it is paid OR, in the alternative, the Government can consider the failure to timely pay it as a violation of this plea agreement and seek to have this agreement voided.

6. **Sentencing Procedures.** The defendant acknowledges, understands, and agrees to the following:

    a. in determining the appropriate sentence, the Court will consult and consider the United States Sentencing Guidelines promulgated by the United States Sentencing Commission; these Guidelines, however, are advisory in nature, and the Court may impose a sentence either less than or greater than the defendant's applicable Guidelines range;

    b. the Court will determine the defendant's applicable Sentencing Guidelines range at the time of sentencing;

    c. in addition to a sentence of imprisonment, the Court shall impose a term of supervised release of *not more than* three (3) years;

    d. if the defendant violates a condition of supervised release, the Court may revoke that supervised release and impose an additional period of imprisonment without credit for time previously spent on supervised release. In addition to a new term of imprisonment, the Court also may impose a new period of supervised release;

    e. the Court may impose any sentence authorized by law, including a sentence that is outside of, or departs from, the applicable Sentencing Guidelines range and the Court may impose sentences concurrently or consecutively;

    f. any sentence of imprisonment imposed by the Court will not allow for parole;

    g. the Court is not bound by any recommendation regarding the sentence to be imposed or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Office;

    h. the defendant may not withdraw this guilty plea solely because of the nature or length of the sentence imposed by the Court;

    i. the defendant agrees that the United States may institute civil, judicial or administrative forfeiture proceedings against all forfeitable assets in which the defendant has an interest, and that defendant will not contest any such forfeiture proceedings;

6

j. the defendant agrees to forfeit all interests defendant owns or over which defendant exercises control, directly or indirectly, in any asset that is subject to forfeiture to the United States either directly or as a substitute for property that was subject to forfeiture but is no longer available for the reasons set forth in 21 U.S.C. § 853(p), including but not limited to the following specific property: *any firearms seized*. With respect to any asset which the defendant has agreed to forfeit, the defendant waives any constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment to the United States Constitution;

k. the defendant agrees to take all necessary steps to comply with the forfeiture matters set forth herein before sentencing.

7. **Government's Agreements.** Based upon evidence in its possession at this time, the United States Attorney's Office for the Western District of Missouri, as part of this plea agreement, agrees not to bring any additional charges against defendant for any federal criminal offenses related to the charges defendant has pled to herein for which it has venue and which arose out of the defendant's conduct described above, except as set out in paragraph 15 below. The United States agrees that following the sentencing hearing, and in accordance with the terms and conditions set out herein, the United States will dismiss the Third Superseding Indictment, as it pertains to this defendant.

The defendant recognizes that the United States' agreement to forego prosecution of all the criminal offenses with which the defendant might be charged is based solely on the promises made by the defendant in this agreement and the limitations set out herein, including those in paragraph 15 below. If the defendant breaches this plea agreement, the United States retains the right to proceed with the original charges and any other criminal violations established by the evidence. The defendant expressly waives any right to challenge the initiation of the dismissed or additional charges against defendant if defendant breaches this agreement. The defendant expressly waives any right to assert a statute of limitations defense if the dismissed or additional charges are initiated

7

against defendant following a breach of this agreement. The defendant further understands and agrees that if the Government elects to file additional charges against defendant following breach of this plea agreement, defendant will not be allowed to withdraw this guilty plea.

The defendant understands that this plea agreement does not foreclose any prosecution for an act of murder or attempted murder, an act or attempted act of physical or sexual violence, or a conspiracy to commit any such acts of violence. Further, the defendant understands that this agreement does not foreclose prosecution of any criminal activity of which the United States Attorney for the Western District of Missouri has no knowledge. The defendant understands and agrees that if the Government files additional charges against defendant for one of these exceptions, defendant will not be allowed to withdraw this guilty plea.

8. **Preparation of Presentence Report.** The defendant understands the United States will provide to the Court and the United States Probation Office a government version of the offense conduct. This may include information concerning the background, character, and conduct of the defendant, including the entirety of defendant's criminal activities. The defendant understands these disclosures are not limited to the counts to which defendant has pleaded guilty.

The United States may respond to comments made or positions taken by the defendant, defendant's counsel, or anyone on defendant's behalf and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The United States and the defendant expressly reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(i)(4) of the Federal Rules of Criminal Procedure.

9. **Withdrawal of Plea.** Either party reserves the right to withdraw from this plea agreement for any or no reason at any time prior to the entry of the defendant's plea of guilty and its formal acceptance by the Court. In the event of such withdrawal, the parties will be restored to their pre-plea agreement positions to the fullest extent possible. However, after the plea has been formally accepted by the Court, the defendant may only withdraw these pleas of guilty if the Court rejects the plea agreement or if the defendant can show a fair and just reason for requesting the withdrawal. The defendant understands that if the Court accepts defendant's pleas of guilty and this plea agreement but subsequently imposes a sentence that is outside the defendant's applicable Sentencing Guidelines range or imposes a sentence that the defendant does not expect, like or agree with, that will not permit defendant to withdraw these pleas of guilty.

10. **Agreed Guidelines Applications.** With respect to the application of the Sentencing Guidelines to this case, the parties stipulate and agree as follows:

   a. The Sentencing Guidelines do not bind the Court and are advisory in nature; the Court may impose a sentence that is within, above, or below the defendant's ultimately determined Guidelines range; the Court may impose any multiple sentences to be served concurrently or consecutively;

   b. The parties have agreed that the applicable Guidelines section for the offense of conviction is U.S.S.G. § 2K2.1 and agree the offense level is not less than a level 14;

   c. The parties recognize there might be specific aggravating or mitigating U.S.S.G. applications applicable to this defendant. However, the parties elect to address at the sentencing hearing any found by the pre-sentence report or Court and agree to be bound by the Court's determination following the sentencing hearing;

   d. The defendant appears to have admitted his guilt and accepted responsibility for his actions, and by timely notifying authorities of the intention to enter a plea of guilty has thereby permitted the Government to avoid preparing for trial and permitted the Government and the Court to allocate their resources efficiently. Therefore, the defendant appears entitled to a three-level reduction pursuant to § 3E1.1(b) of the Sentencing Guidelines and the Government, at the time of sentencing, will make a motion with the Court to that effect unless the defendant (1) fails to abide by all of the terms and conditions of this plea agreement

9

and any pretrial release orders; or (2) attempts to withdraw this guilty plea; or (3) violates the law; or (4) otherwise engages in conduct inconsistent with an acceptance of responsibility;

    e. There is no agreement between the parties regarding the defendant's criminal history category. The parties agree that the Court will determine the applicable criminal history category after receipt of the presentence investigation report prepared by the United States Probation Office;

    f. The defendant understands that the estimate of the parties with respect to the Guidelines computation set forth in the subsections of this paragraph does <u>not</u> bind the Court or the United States Probation Office with respect to the appropriate Guidelines levels. Additionally, the failure of the Court to accept these stipulations will not, as outlined in Paragraph 9 of this plea agreement, provide the defendant with a basis to withdraw this plea of guilty;

    g. The United States agrees to request a sentence within the United States Sentencing Guidelines range established at the sentencing hearing and the defendant agrees to request a reasonable sentence based on any good faith sentencing arguments the defendant cares to make that are not otherwise in conflict with agreements herein or the law, including any non-incarceration sentence for which defendant believes there is a good faith basis to request. The sentencing argument agreements by the parties are not binding upon the Court or the United States Probation Office and the Court may impose any sentence authorized by law, including a sentence outside the applicable Guidelines range or a consecutive sentence;

    h. The defendant consents to judicial fact-finding by a preponderance of the evidence for all issues pertaining to the determination of the defendant's sentence, including the determination of any mandatory minimum sentence (including the facts that support any specific offense characteristic or other enhancement or adjustment), and any legally authorized increase above the normal statutory maximum. The defendant waives any right to a jury determination beyond a reasonable doubt of all facts used to determine and enhance the sentence imposed and waives any right to have those facts alleged in the Information. The defendant also agrees that the Court, in finding the facts relevant to the imposition of sentence, may consider any reliable information, including hearsay; and,

    i. The defendant understands and agrees that the factual admissions contained in Paragraph 3 or other places within this plea agreement, and any admissions made during the defendant's plea colloquy, support the imposition of the agreed-upon Guidelines calculations contained in this agreement.

**11. Effect of Non-Agreement on Guidelines Applications.** The parties understand, acknowledge, and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed in Paragraph 10. As to any other Guidelines issues, the parties are free to advocate their respective positions at the sentencing hearing.

**12. Change in Guidelines Prior to Sentencing.** The defendant agrees that if any applicable provision of the Guidelines changes after the execution of this plea agreement, then any request by defendant to be sentenced pursuant to the new Guidelines will make this plea agreement voidable by the United States at its option. If the Government exercises its option to void the plea agreement, the United States may charge, reinstate, or otherwise pursue any criminal charges that could have been brought but for this plea agreement.

**13. Government's Reservation of Rights.** The defendant understands that the United States expressly reserves the right in this case to:

    a. oppose or take issue with any position advanced by defendant, or anyone on behalf of the defendant, at the sentencing hearing which might be inconsistent with the provisions of this plea agreement;

    b. comment on the evidence supporting the charges in the Information;

    c. oppose any arguments and requests for relief the defendant, or anyone on defendant's behalf, might advance on an authorized appeal from the sentences imposed and that the United States remains free on appeal or collateral proceedings to defend the legality and propriety of the sentence actually imposed, even if the Court chooses not to follow any recommendation made by the United States; and

    d. oppose any post-conviction motions for reduction of sentence, or other relief.

14. **Waiver of Constitutional Rights.** The defendant, by pleading guilty, acknowledges that defendant has been advised of, understands, and knowingly and voluntarily waives the following rights:

   a. the right to plead not guilty and to persist in a plea of not guilty;

   b. the right to be presumed innocent until defendant's guilt has been established beyond a reasonable doubt at trial;

   c. the right to a jury trial, and at that trial, the right to the effective assistance of counsel;

   d. the right to confront and cross-examine the witnesses who testify against the defendant;

   e. the right to compel or subpoena witnesses to appear on defendant's behalf; and

   f. the right to remain silent at trial, in which case that silence may not be used against defendant.

The defendant understands that by pleading guilty, he waives or gives up those rights and that there will be no trial. The defendant further understands that if he pleads guilty, the Court may ask questions about the offense or offenses to which defendant pleaded guilty, and if the defendant answers those questions under oath and in the presence of counsel, those answers may later be used against defendant in a prosecution for perjury or making a false statement. The defendant also understands he has pleaded guilty to a felony offense and, as a result, will lose the right to possess a firearm or ammunition and might be deprived of other rights, such as the right to vote or register to vote, hold public office, or serve on a jury.

## 15. Waiver of Appellate and Post-Conviction Rights

a. The defendant acknowledges, understands and agrees that by his *unconditional* plea of guilty pursuant to this plea agreement he waives the right to appeal or collaterally attack a finding of guilt *or* denial of a motion to withdraw his guilty pleas following the acceptance of his pleas of guilty pursuant to this plea agreement, except on grounds of (1) ineffective assistance of counsel; or (2) prosecutorial misconduct.

b. The defendant expressly waives the right to appeal any sentence, directly or collaterally, on any ground except claims of (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) an illegal sentence. An "illegal sentence" is a sentence imposed in excess of the statutory maximum. It is *not* a misapplication or miscalculation of the Sentencing Guidelines, an abuse of discretion, the imposition of an unreasonable sentence, or the imposition of a sentence different from that recommended by either party. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal the sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

c. The defendant further acknowledges that if he violates the waivers set out in sections a. or b. above, the United States may re-instate or file any charges dismissed or not pursued as part of this plea agreement, regardless of any other language to the contrary in this plea agreement.

16. **Financial Obligations.** By entering into this plea agreement, the defendant states an understanding of and agrees to the following financial obligations:

    a. The United States may use the Federal Debt Collection Procedures Act and any other remedies provided by law to enforce any restitution order that may be entered as part of the sentence in this case and to collect any fine or costs.

    b. The defendant will fully and truthfully disclose all assets and property in which defendant has any interest, or over which the defendant exercises control directly or indirectly, including assets and property held by a spouse, nominee or other third party. The defendant's disclosure obligations are ongoing and are in force from the execution of this agreement until the defendant has satisfied the restitution or fine or costs order in full.

    c. Within 10 days of the execution of this plea agreement, at the request of the USAO, the defendant agrees to execute and submit (1) a Tax Information Authorization form; (2) an Authorization to Release Information; (3) a completed financial disclosure statement; and (4) copies of financial information that the defendant submits to the U.S. Probation Office. The defendant understands that compliance with these requests will be considered when the United States makes a recommendation to the Court regarding the defendant's acceptance of responsibility.

    d. At the request of the USAO, the defendant agrees to undergo any polygraph examination the United States might choose to administer concerning the identification and recovery of substitute assets, restitution, fines, or costs.

    e. The defendant hereby authorizes the USAO to obtain a credit report pertaining to defendant to assist the USAO in evaluating the defendant's ability to satisfy any financial obligations imposed as part of the sentence.

    f. The defendant understands that a Special Assessment will be imposed as part of the sentence in this case. The defendant promises to pay the Special Assessment of **$100.00** by submitting a satisfactory form of payment to the Clerk of the Court prior to appearing for the sentencing proceeding in this case. The defendant agrees to provide the Clerk's receipt as evidence of fulfillment of this obligation at the time of sentencing.

    g. The defendant certifies that no transfer of assets or property has been made for the purpose of (1) evading financial obligations created by this Agreement; (2) evading obligations that may be imposed by the Court; nor (3) hindering efforts of the USAO to enforce such financial obligations. Moreover, the defendant promises that no such transfers will be made in the future.

14

Case 4:18-cr-00293-DGK   Document 695   Filed 10/17/22   Page 14 of 18

h. In the event the United States learns of any misrepresentation in the financial disclosure statement, or of any asset in which the defendant had an interest at the time of this plea agreement that is not disclosed in the financial disclosure statement, and in the event such misrepresentation or nondisclosure changes the estimated net worth of the defendant by ten thousand dollars ($10,000.00) or more, the United States may at its option: (1) choose to be relieved of its obligations under this plea agreement; or (2) let the plea agreement stand, collect the full forfeiture, restitution, and fines imposed by any criminal or civil judgment, and also collect 100% (one hundred percent) of the value of any previously undisclosed assets. The defendant agrees not to contest any collection of such assets. In the event the United States opts to be relieved of its obligations under this plea agreement, the defendant's previously entered pleas of guilty shall remain in effect and cannot be withdrawn.

**17. Waiver of FOIA Request.** The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

**18. Waiver of Claim for Attorney's Fees.** The defendant waives any claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

**19. Defendant May be Required to Surrender to Custody at the Plea.** The defendant understands that the crime to which he is pleading is an offense for which a maximum term of imprisonment of ten years or more is prescribed in the law. Accordingly, pursuant to 18 U.S.C. § 3143 et seq, the Court may detain the defendant after he pleads guilty to the offense. The defendant hereby agrees that if, after argument of the parties, the Court elects to detain the defendant pending sentencing, the defendant will not contest his detention immediately after the guilty plea, will surrender to the custody of the United States Marshals at that time, and agrees not

to make any attempt at release from custody pending sentencing or transfer to the Bureau of Prisons following sentencing, if he is ordered to serve a BoP sentence.

20. **Defendant's Breach of Plea Agreement.** If the defendant commits any crimes, violates any conditions of release, or violates any term of this plea agreement between the signing of this plea agreement and the date of sentencing, or fails to appear for sentencing, or if the defendant provides information to the Probation Office or the Court that is intentionally misleading, incomplete, or untruthful, *or otherwise breaches this plea agreement, before or after sentencing,* the United States will be released from its obligations under this agreement. The defendant, however, will remain bound by the terms of the agreement, and will not be allowed to withdraw this plea of guilty.

The defendant also understands and agrees that in the event this plea agreement is violated, all statements made by the defendant to law enforcement agents after the execution of this plea agreement, any testimony given by defendant before a grand jury or any tribunal or any leads from such statements or testimony shall be admissible against defendant in all criminal proceedings. The defendant waives all rights under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that pertains to the admissibility of any statements made by defendant after the execution of this plea agreement.

21. **Defendant's Representations.** The defendant acknowledges that he has entered into this plea agreement freely and voluntarily after receiving the effective assistance, advice and approval of counsel. The defendant acknowledges that he is satisfied with the assistance of counsel, and that counsel has fully advised him of his rights and obligations in connection with this plea agreement. The defendant further acknowledges that no threats or promises, other than

16

the promises contained in this plea agreement, have been made by the United States, the Court, his attorney, or any other party to induce him to enter this plea of guilty.

22. **No Undisclosed Terms.** The United States and defendant acknowledge and agree that the above-stated terms and conditions, together with any written supplemental agreement that might be presented to the Court in camera, constitute the entire plea agreement between the parties, and that any other terms and conditions not expressly set forth in this agreement or any written supplemental agreement do not constitute any part of the parties' agreement and will not be enforceable against either party.

23. **Standard of Interpretation.** The parties agree that, unless the constitutional implications inherent in plea agreements require otherwise, this plea agreement should be interpreted according to general contract principles and the words employed are to be given their normal and ordinary meanings. The parties further agree that, in interpreting this agreement, any drafting errors or ambiguities are not to be automatically construed against either party, whether that party was involved in drafting or modifying this agreement.

24. **Article III Waiver.** The parties agree to conduct this guilty plea hearing before a magistrate judge if that becomes necessary. While this agreement hereby waives any rights the parties may have to conduct this guilty plea before an Article III judge, the defendant specifically further acknowledges they were informed by their attorney of their right to have this plea hearing conducted in front of an Article III judge. The defendant thereafter made this knowing and volunteer waiver of said right and therefore consents to this plea hearing being conducted before a magistrate judge, should that become necessary.

Dated: 10/17/22

Teresa A. Moore
United States Attorney

_____
Bruce Rhoades
Assistant United States Attorney

I have consulted with my attorney and fully understand all my rights with respect to the offenses charged in the Information. Further, I have consulted with my attorney and fully understand my rights with respect to the applicable Sentencing Guidelines and any statutory minimums. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this plea agreement and I voluntarily agree to it.

Dated: 10-17-22

_____
LOGAN TANNER LAWS
Defendant

I am the attorney for defendant LOGAN TANNER LAWS. I have fully explained his rights with respect to the offenses charged in the Information. Further, I have reviewed with him the applicable Sentencing Guidelines and any applicable statutory minimum sentences in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, the decision by LOGAN TANNER LAWS to enter into this plea agreement is an informed and voluntary one.

Dated 10/17/22

_____
Dione C. Greene
Attorney for Defendant

18