IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:18-cr-00293-DGK |
| MARKUS MICHAEL A. PATTERSON | ) |
| Defendant. | ) |

## DEFENDANT MARKUS MICHAEL A. PATTERSON'S PROPOSED VOIR DIRE QUESTIONS

MARKUS MICHAEL A. PATTERSON, by and through counsel, respectfully submits his proposed voir dire questions pursuant to Fed. R. Crim. P. 24(a). Defendant presumes that basic introduction questions and various standards of law will be addressed by the Court in addition to standard questions regarding whether potential jurors have connections to law enforcement, individual bias that prevents fair and impartial decisions, and general issues that would prevent jurors from competently serving as a juror. Defendant requests this Honorable Court to ask the following specific questions of the jury panel:

### RIGHT NOT TO TESTIFY

1. Because Mr. Patterson is presumed innocent under the law, there is no requirement that he testify. Are there any members of the jury panel who feel that if Mr. Patterson does not testify in this case, it is an inference of guilt or that he must be hiding something?

2. Similarly, are there any of you who could not follow the law that states that if a defendant elects not to testify you may not consider that for any purpose in deciding the

defendant's guilt or innocence? Is there any member on this jury panel who, because of personal feelings or otherwise, would not be able to follow that doctrine of law?

## **RIGHT TO TESTIFY**

3. On the other hand, if the defendant does testify in this case, would you judge that testimony in the same way as you would judge the testimony of any other witness? Would anyone automatically disbelieve a defendant's testimony simply because he is the one on trial? Similarly, would anyone automatically disregard a defendant's testimony or refuse to listen to it?

4. In other words, are there any of you on the jury panel who believe because Mr. Patterson is on trial, that you should automatically not believe his testimony because of the fact he has been charged with an offense?

5. Will all of you fairly consider the testimony by Mr. Patterson, if he chooses to testify, before arriving at your verdicts?

## **JURY EXPERIENCE**

6. How many people on the jury panel have previously served on a jury? (As necessary, for follow-up):

- What kind of case was it?

- Did any of you serve as the foreperson of that jury?

- What was the verdict in that case?

- Was there anything about your jury service that would prevent you from being fair and impartial to both sides in this case?

- Of those of you who have prior experience on civil juries, do you understand that this is a criminal case which contains different concepts of law and a different burden of proof? In a criminal case, the burden of proof is "beyond a reasonable

doubt," and if you are instructed by the Court about this concept, could you follow it?

7. How many people on the jury panel have ever served on a grand jury either in state or federal court? Is there any member of the jury panel who has ever served on a criminal jury in either state or federal court?

8. Is there any member of the jury panel who has ever served on a criminal jury in either state or federal court that did not reach a verdict?

9. It is the procedure of this Court that since the government has the burden of proof, it must go first in terms of presenting evidence, then when the government is finished, the defendant will have his turn if he so chooses. Is there any member of the jury panel who could not wait until all the evidence has been introduced to make your decision in this case?

10. There is no requirement Mr. Patterson present evidence at all in this case. He is presumed innocent. Is there any member of the jury panel who would require Mr. Patterson to present evidence in order to find him not guilty?

11. Is there any member of the jury panel who has ever served on a jury that reached a verdict and, after the conclusion of that case, talked with either the judge, court personnel, or lawyers that were involved in the case? If so, without telling the details of such conversations, describe the circumstances as to when it was, the nature of the case, and with whom you spoke.

12. Is there any member of the jury panel who has had recent prior jury service in the United States Federal Court of any kind not previously mentioned?

## **VICTIMS OF CRIME**

13. Have you, or a close personal friend or relative, ever been a victim of a crime?

14. If affirmative, briefly describe your familiarity with the experience.

- When did the incident occur?

- What was the nature of the incident?

- Was law enforcement involved?

- Were you interviewed by law enforcement?

- Were you ever required to provide additional information or evidence to law enforcement?

- Were you ever required to provide sworn testimony in connection with the case?

- What was the final result?

- Have you formed any impression from that experience that would affect you in this case?

## **CASE ISSUES**

15. There will be evidence in this trial about firearms. Is there any member of the panel who has strong feelings regarding the possession of firearms that would make it difficult for you to be fair and impartial in deciding this case?

16. Do you, or any member of your family, belong to the NRA or other organization which supports the right of private citizens to possess firearms?

17. Do you, or any member of your family, belong to an organization which seeks to reduce gun violence or to restrict the possession of firearms by private citizens?

18. Is there any member of the panel who has experienced gun violence or has had a family member experience gun violence? Is there anything about that experience that would make it difficult for you to be fair and impartial in deciding this case?

19. You will likely hear testimony from persons described as experts in this case. The court will instruct you that expert testimony should be considered just like any other testimony, and that you may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the

opinion, the acceptability of the methods used, and all the other evidence in this case. Is there anyone here who, despite that instruction, would give greater weight to a supposed expert's testimony just because they are characterized as an "expert"?

20. Do you watch television shows about police investigation, such as CSI, and if so, what do they make you think about expert testimony as it relates to criminal investigations? Do they make you think that such experts are infallible, or that they are always right? Can you make room for the idea that experts can be mistaken, or that their methods can be unreliable?

21. In cases where evidence is collected in a case by law enforcement, is it fair to expect that the evidence will be collected properly and processed according to internal law enforcement standard practices and policies? In cases where there is missing evidence or instances of investigative omission, can you accept the idea that these possibilities may present reasonable doubt about the lack of evidence necessary to render a guilty verdict?

22. The defendant is charged with a drug offense. Is there any member of the jury who has ever experienced drug addiction, or had any member their family who has experienced drug addiction? Is there anything about that experience that would make it difficult for you to be fair and impartial in deciding this case?

    A.    Is there anything about that personal experience and familiarity with someone who suffers from addiction that would prevent you from being fair and impartial in a case that references a drug offense.

23. Does any member of jury panel, close friend, or family member have training on dealing with people that have substance dependency issues? If so, please describe the training and experience in that area.

24. You may hear testimony from witnesses who are testifying pursuant to an agreement with the Government. Do you have opinions about agreements between witnesses and

the government that would make it difficult or impossible for you to believe the testimony of a witness who might testify under such an agreement?

25. After having listened to testimony from a witness testifying under an agreement with the government, could you follow the Court's instruction that whether or not testimony of a witness may have been influenced by his hope of receiving a benefit is for you to decide, and give the testimony of such witness such weight as you think it deserves?

26. You may hear testimony from witnesses who were previously convicted of felony crimes. How many of you would disbelieve a person's testimony without first hearing it and witnessing his or her demeanor, solely because that person had been previously convicted of a felony?

## OTHER QUESTIONS

27. What is your favorite television show and why?

28. What topic do you find yourself researching most often on the internet?

29. What is your favorite form of consuming information and why?

30. Has anyone had to make a difficult decision at work? What was the decision and why was it difficult? How did you feel when making the decision?

## CONCLUSION

31. Is there any member of the jury panel who in any way has heard, read or seen anything about this case or Mr. Patterson? I would ask each of you to only answer "yes" or "no"- to this question and to indicate the source of your information. I specifically ask that you not at this time relate to me what the information was.

32. Is there any member of the jury panel who could not sit as a fair juror even though a particular question or answer has not been given in response to any previous questions?

Dated: October 21, 2022

Respectfully Submitted,

*/s/ Shazzie Naseem*
Shazzie Naseem, MO Bar #59142
Berkowitz Oliver LLP
2600 Grand Blvd., Suite 1200
Kansas City, MO 64108
816-561-7007 Telephone
Email: snaseem@berkowitzoliver.com
**Attorney for Defendant, Markus Michael A. Patterson**

## CERTIFICATE OF SERVICE

I certify that on October 21, 2022, the above and foregoing was electronically filed with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all parties.

*/s/ Shazzie Naseem*
**Attorney for Defendant, Markus Michael A. Patterson**