IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MISSOURI
WESTERN DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:18-cr-00293-DGK |
| ) | |
| TREVOR SPARKS, ) | |
| ) | |
| Defendant, ) | |

## **DEFENDANT SPARKS' PROPOSED VOIR DIRE**

COMES NOW the defendant, Trevor Sparks, by and through undersigned counsel, and requests, pursuant to Fed. R. Crim. P. 24(a), that the following questions be propounded to the prospective jurors in this cause:

1. I will now read the charges brought by the government in the Indictment, or charging instrument, in this case. You must understand that an Indictment is not evidence. It is not to be considered as showing, or tending to show, that the defendant did in fact commit any of the offenses charged. Rather, an Indictment is a summary of what the government hopes to prove in the case. The allegations of each charge must all be proved by the government beyond a reasonable doubt before the defendant may be convicted of that charge. Without adequate proof, the jury is required to

1

return a verdict of "not guilty." With that understood, I will read to you the Indictment brought by the government:

PLEASE READ INDICTMENT

2. Does any member of the panel have any knowledge or information, from whatever source, regarding any of the matters alleged in the Indictment? (If there is an affirmative response, the defendant requests that each responding member of the panel be questioned individually, out of the presence of other panel members, regarding that panel member's knowledge or information, the source thereof, opinions formed if any, and ability to set aside such knowledge or information and be an impartial juror.)

3. For each prospective juror, what is your name, county and city of residence, your length of residence there, level of education, occupation and place and length of employment (or previous employment if retired or not working), marital status, spouse's employment, number and ages of children, and military service if any.

4. Does any member of the jury panel know counsel for the government in this case, either Bruce Rhoades or Robert Smith, both of which are Assistant United States Attorneys, or any other present or former employee of the Office of the United States Attorney for the Western District of Missouri?

5. Does any member of the jury panel know or recognize Trevor Sparks, the defendant in this case?

6. Does any member of the jury panel know the defense attorney, Al White, or Blade Moore, an attorney who may be assisting him in the case?

7. Is any member of the jury panel acquainted with any of the following persons who may testify in this case: (Please read the lists of witnesses filed in this case).

8. Is there any member of the jury panel who knows or recognizes another panel member? If so, please explain. Please ask individually whether either (or any) such panel members would have difficulty serving on a jury together for any reason, or would have difficulty disagreeing with each other during the course of your deliberations.

9. Is there any member of the jury panel, or any relative or close friend, ever been the victim of a crime or been a witness in a criminal case? If so, please explain.

10. Has any member of the panel ever served on a grand jury or a criminal trial jury before? If so, please explain (court, date, federal or state, whether foreman or not, charges, disposition).

11. For those who have served on a jury, did any of you speak to the judge, lawyers, or witnesses after the trial? If so, please explain individually

and outside the hearing of the panel.

12. Are there any members of the jury panel who now or in the past have been employed by the federal government, or who have had friends or relatives so employed? If so, please explain.

13. Has any member of the jury panel at any time been employed, or had a friend or relative who was or is employed, in any branch of law enforcement? If so, please explain.

14. There will be law enforcement officers testifying in this case. Does each member of the jury panel understand that the testimony of a law enforcement officer is not to be given any more credit or believability than that of any other witness, including the defendant, simply because he or she is a law enforcement officer? Would any member of the panel give more weight or credibility to testimony from a law enforcement officer simply because of their employment in law enforcement?

15. Are there any members of the panel who feel that the defendant is probably guilty or he would not be here?

16. The law recognizes several different standards of proof, applicable in different kinds of cases. For example, liability in a typical civil case (such as for breach of contract) is premised upon proof by a preponderance of the evidence, i.e., more likely than not. Certain causes of action in civil cases,

4

such as claims of fraud, are subject to a higher standard of proof known as "clear and convincing." The law reserves the very highest standard of proof, which is proof beyond a reasonable doubt, for criminal cases. Does any member of the panel believe that criminal cases should be subjected to a lesser standard of proof?

17. In a criminal case, the law provides that the defendant is presumed innocent and places no burden whatsoever on the defendant to prove his innocence. The burden of proof is completely and solely on the government. The law requires the government to prove every element of every criminal charge beyond a reasonable doubt through evidence properly admitted at trial. If it fails to do so, the defendant must be found not guilty. Does any member of the panel disagree with these legal principles?

18. The Court will instruct you on the legal definition of reasonable doubt. Is there any member of the jury panel who would refuse to apply the law as to what constitutes reasonable doubt when considering the government's evidence, or who would consider it a mere technicality? Would any of you convict a defendant of any charge because you believed the defendant to be guilty, even though the government failed to satisfy its legal burden of proof beyond a reasonable doubt?

19. The law provides that a defendant in a criminal case may choose

5

Case 4:18-cr-00293-DGK   Document 712   Filed 10/22/22   Page 5 of 11

either to testify in his own behalf or not to testify, and that if a defendant chooses not to testify that fact cannot be considered by the jury in any way. Would any member of the panel expect a defendant to testify, or believe that his failure to do so would be indicative of guilt or of having something to hide?

20. Has any member of this jury panel, or has any member of your family or any close personal friend ever been the victim of a crime? If so:

    a. Briefly describe the nature of that crime;

    b. When did it occur?

    c. Was anyone ever charged with the commission of that crime?

    d. Is there anything about that experience that would prevent you from sitting in this case as a fair and impartial juror?

21. Is there anyone who has had a close friend or family member convicted of a crime? If so:

    a. Without naming names, please state whether it was a close friend or family member;

    b. Was he or she required to spend any time in jail or prison?

    c. Is he or she in or out of prison at the present time?

    d. Is there anything about that experience that would prevent you from rendering a fair and impartial verdict in this case?

22. Has anyone on the jury panel been employed as a police officer or a member of a law enforcement agency? For any affirmative answer, please inquire:

    a. Is there anything about that experience that would prevent you from sitting in this case as a fair and impartial juror?

23. Have you or any member of your immediate family ever witnessed a crime involving violence? [If a positive response is elicited, ask that person to explain. Follow-up with question whether anything about this experience would prevent that panel member from serving as a fair and impartial juror.

24. Has any member of the jury panel, his or her spouse, one of his or her close relatives, or one of his or her close in-laws ever received any legal training, including business law, or who has ever been employed in a law office? If so, please determine the nature of such training or employment.

25. Has any member of the jury panel or any members of your family worked for a probation and parole office?

26. Has any member of the jury panel had a family member or close personal friend who is or has been employed as a law enforcement officer? If so:

    a. Without naming names, please state whether it was a family member or close personal friend.

    b. What law enforcement agency was that person employed by?

c. Is there anything about that person's employment which would prevent you from sitting as a fair and impartial juror in this case?

27. As each of you has heard, this case involves allegations of drug trafficking, and the possession of firearms in furtherance of a crime. We all, every one of us, has a right to our own opinions regarding each of these issues. However, to sit as a juror under our judicial system, can you agree that every person accused has a right to a trial and to be found guilty or not guilty by a jury of each offense for which he is charged. Is there anyone whose personal feelings either about or guns might affect that person's ability to do that and to be willing to give Mr. Sparks that fair trial?

28. Does anyone have any opinions, good or bad, concerning this country's legal system that you would feel tend to influence your decision in a criminal case? [If so, please describe your opinion(s)]

29. Does anyone have any opinions, good or bad, concerning the lawyers, or lawyers generally, that you feel would tend to influence your decision in a criminal case? [If so, please describe your opinion(s)].

30. The defendant is charged with a drug offense. Is there any member of the jury panel who has ever experienced drug addiction, or had any member of their family who has experienced drug addiction? Is there anything about that experience that would make it difficult for you to be fair and impartial

in deciding this case?

31. Does any member of the jury panel, who him or herself, or has a family member or close friend who has training in dealing with people that have substance dependency issues? If so, pleas describe the training and experience in that area.

32. You will hear testimony from various witnesses who are testifying pursuant to an agreement with the government. Do you have an opinion about whether such agreements between witnesses and the government would affect in any way your ability to sit as a fair and impartial juror in this case.

33. After having listened to testimony from any witness testifying under an agreement with the government, could follow the Court's instruction that whether or not testimony of a witness may have been influenced by his or her hopes of receiving any benefit is solely for you to decide, and that you would consider all factors in giving the testimony of such a witness such weight as you think it deserves?

34. You may hear testimony from witnesses who were previously convicted of felony crimes. How many of you would disbelieve such a person's testimony without first hearing and witnessing his or her demeanor, solely because that person had previously been convicted of a felony

9

offense?

35. Does everyone recognize and accept the proposition that jurors are the sole judge of the facts and the Court is the sole judge of the law? If you do not accept this, please hold up your hand.

36. If you are selected as a juror in this case, can you extend the presumption of innocence to Mr. Sparks, that is, can you presume that the he is innocent of each offense charged until guilt for that offense is established by proof which convinces you beyond a reasonable doubt? If you cannot do this, please hold up your hand.

37. Does anyone disagree that a defendant charged crime is innocent until proven guilty, regardless of whether or not that defendant was guilty of a prior crime? (If a positive response is elicited, please have the panel member describe their feelings towards prior convictions and charges).

38. Is there anyone who would feel offended if other member or members of the jury would disagree with your view of the evidence?

39. It is your duty as a juror to express your opinions regarding the evidence to other members of the jury. Is there anyone who would be unwilling to speak up and try to persuade other members of the jury who disagree with your opinions regarding the evidence?

40. For each member of the jury panel, is there any reason whatsoever

not previously discussed why you could not, or might not, be able to act as a fair and impartial juror in this case?

WHEREFORE, Defendant, Trevor Sparks, requests that the foregoing questions be propounded to the jury panel and that the Court conduct appropriate additional inquiry of each panel member whose answers to any of the foregoing questions may reveal possible bias or prejudice.

Respectfully submitted,

/s/ F.A. "Al" White, Jr.
F.A. White, Jr., MO 22565
7924 N. Cherry, St.
Kansas City, MO 64118
816-454-5300
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the above and foregoing was electronically filed with the Court this 22 day of October 2022.

/s/ F.A. "Al" White, Jr.
F.A. White, Jr.