IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>v.<br><br>TREVOR SCOTT SPARKS, (02),<br><br>                  Defendant. | Case No. 18-00293-02-CR-W-DGK |

## NOTICE OF THE UNITED STATES INTENT TO PROCEED ON LESSER INCLUDED OFFENSE AT TRIAL

The United States of America, through undersigned counsel, files this notice in order to timely inform the Court and defendant of the United States intention to proceed at trial on the lesser included offense contained within Count Three of the Third Superseding Indictment, in addition to all other counts alleged therein against Defendant Sparks.[1]

In the pending Third Superseding Indictment, Defendant Sparks is accused in Count Three with a violation of Title 21, United States Code, Section 848, Continuing Criminal Enterprise (CCE) along with other federal crimes in Counts Four and Five and a forfeiture allegation. Trial of Sparks on that indictment is set to begin on Tuesday, November 1st, 2022. The United States intends to proceed at trial and request the jury to only be submitted the lesser included offense of the charged CCE crime in Count Three, to wit: conspiracy to distribute more than 500 grams of methamphetamine, a violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).

---

[1] The United States, in its response (Doc 701) to Defendant Sparks' "violent acts" Motion in Limine (Doc. 679), addressed part of its argument on the elements required to prove the charged crime in Count Three, Continuing Criminal Enterprise (CCE). We understand this Honorable Court may revisit its ruling on that motion (Doc 708) in light of this notice. The United States would highlight, however, that, as the Court's order sets out, the case law and most of our argument in our response actually dealt with a drug distribution conspiracy charge, which is the charge on which we intend to proceed to trial against Defendant Sparks.

The United States Supreme Court and the Eighth Circuit Court of Appeals have held for many years that a conspiracy under section 841 is a lesser included offense of a CCE charged under section 848. *See: Jeffers v. United States*, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977) and *United States v. Holt*, 969 F.2d 685, 687 (8th Cir.1992).

Furthermore, both case law and the Eighth Circuit Model Jury Instructions, Instruction 3.10, and Federal Rules of Criminal Procedure, Rule 31(c), uphold the parties' rights with respect to submission of lesser included charges under indicted counts.[2] The law with respect to submission of lesser included offense instructions is well-settled. In *Keeble v. United States*, 412 U.S. 205, 208, 93 S.Ct. 1993, 1995, 36 L.Ed.2d 844 (1973), the Supreme Court held:

> Although the lesser included offense doctrine developed at common law to assist the prosecution in cases where the evidence failed to establish some element of the offense originally charged, it is now beyond dispute that the defendant is entitled to an instruction on a lesser included offense if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater. The Federal Rules of Criminal Procedure deal with lesser included offenses, see Rule 31(c), and the defendant's right to such an instruction has been recognized in numerous decisions of this Court. (Citations omitted.)

In *United States v. Thompson*, 492 F.2d 359, 362 (8th Cir. 1974), the court set out the same steps in Instruction 3.10:

> A defendant is entitled to an instruction on a lesser included offense if: (1) a proper request is made; (2) the elements of the lesser offense are identical to part of the elements of the greater offense; (3) there is some evidence which would justify conviction of the lesser offense ; (4) the proof on the element or elements differentiating the two crimes is sufficiently in dispute so that the jury may consistently find the defendant innocent of the greater and guilty of the lesser included offense; and (5) there is mutuality, i. e., a charge may be demanded by either the prosecution or defense. (Citations omitted.)

---

[2] Instruction 3.10 also contains guidance on determining "lesser included charges" and it is in lock-step with the case law cited that 841 conspiracy is a lesser included of CCE.

Based on the foregoing, the United States wishes to exercise its right to proceed on a lesser included offense of the charged CCE violation in Count Three, specifically, the conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 841(b)(1)(A). We have informally discussed our intentions set out herein with counsel for Defendant Sparks. We are not aware of any objections by counsel for Defendant Sparks. Therefore, we request this Honorable Court instruct the members of the jury panel at jury selection on this lesser included charge, along with the other charged offenses against Defendant Sparks in the Third Superseding Indictment.

    Respectfully submitted,

    Teresa A. Moore
    United States Attorney

By  */s/Bruce Rhoades*

    Bruce Rhoades (AR88156)
    Assistant United States Attorney
    Charles Evans Whittaker Courthouse
    400 East Ninth Street, Suite 5510
    Kansas City, Missouri 64106
    Telephone: (816) 426-3122

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on October 27, 2022, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

    */s/Bruce Rhoades*
    Bruce Rhoades
    Assistant United States Attorney