## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 18-00293-02-CR-W-DGK |
| TREVOR SCOTT SPARKS, (02), | |
| Defendant. | |

## THE GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

### (WITH SUPPORTING CITATIONS)

Comes now the United States of America, by and through its undersigned attorney, submits the following proposed jury instructions listed below and attached hereto, for use in the trial of the instant case. The parties reserve the right to supplement these proposed instructions as required to meet additional issues which may arise at trial.

### I.      PRELIMINARY INSTRUCTIONS BEFORE OPENING STATEMENTS

| | | | |
|---|---|---|---|
| (1) | 0.01 | Instructions Before Voir Dire | |
| (2) | 0.02 | Instructions at End of Voir Dire | |
| (3) | 1.01 | General:   Nature of Case; Nature of Indictment; Burden of Proof; Presumption of Innocence; Duty of Jury; Cautionary. | |
| (4) | 1.03 | Evidence; Limitations | |
| (5) | 1.05 | Credibility of Witnesses | |
| (6) | 1.06A | No Transcript Available; Note-Taking | |

(7)    1.07    Bench Conferences and Recesses

(8)    1.08    Conduct of the Jury

(9)    1.09    Outline of Trial

## II.    <u>INSTRUCTIONS FOR USE DURING TRIAL</u>

(10)    2.01    Duties of Jury-Recesses

(11)    2.03    Stipulated Facts

(12)    2.18    Impeachment of Witness – Prior Conviction

(13)    2.19    Witness who has Pleaded Guilty

(14)    2.24    Defendant's Prior Conviction – Element of Charged Offense

## III.    <u>FINAL INSTRUCTIONS</u>

(15)    3.01    Introduction

(16)    3.02    Duty of Jury

(17)    3.03    Evidence, Limitations

(18)    3.04    Credibility of Witnesses

(19)    3.08    Description of Charge; Indictment Not Evidence; Presumption of Innocence; Burden of Proof (Multiple Defendants, Multiple Counts)

(20)    3.11    Reasonable Doubt

(21)    3.12    Election of Foreperson; Duty to Deliberate; Punishment Not a Factor; Communications with Court; Cautionary; Verdict Form

2

## IV.  FINAL INSTRUCTIONS: CONSIDERATION OF PARTICULAR KINDS OF EVIDENCE

| | | |
|---|---|---|
| (22) | 4.04 | Testimony Under Grant of Immunity or Plea Bargain |
| (23) | 4.05B | Credibility – Cooperating Witness |
| (24) | 4.10 | Opinion Evidence – Expert Witness |
| (25) | 5.06D | Conspiracy: Co-Conspirator Acts and Statements |
| (26) | 5.06A-2 | Conspiracy; Elements |
| (27) | 6.21.846A.1 | Conspiracy (21 U.S.C. § 846) |
| (28) | 5.06A-2 | Conspiracy; Elements |
| (29) | 6.18.924C | Firearms-Possession in Furtherance of Drug Trafficking Offense |
| (30) | 6.18.922A | Felon in Possession of Firearm |
| (31) | 8.02 | Possession: Actual, Constructive, Sole, Joint |
| (32) | 7.03 | Knowingly |
| (33) | 7.05 | Proof of Intent or Knowledge |
| (34) | Verdict Forms | |

Respectfully submitted,

Teresa A. Moore
United States Attorney

By /s/Bruce Rhoades

Bruce Rhoades
Assistant United States Attorney
Violent Crime & Drug Trafficking Unit
Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

3

## <u>CERTIFICATE OF SERVICE</u>

      The undersigned hereby certifies that a copy of the foregoing was delivered on October 28, 2022, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

<div style="margin-left:50%">

/s/Bruce Rhoades
Bruce Rhoades
Assistant United States Attorney

</div>

4

INSTRUCTION NO. _____

Members of the Jury Panel, if you have a cell phone, smart phone, iPhone, Android device, or any other wireless communication device with you, please take it out now and turn it off. Do not turn it to vibration or silent; power it down. [During jury selection, you must leave it off.] (Pause for thirty seconds to allow them to comply, then tell them the following:)

If you are selected as a juror in this case, you cannot talk about the case or communicate with anyone else about the case until I tell you that such discussions are allowed. You cannot even discuss the case with your fellow jurors until I tell you to begin deliberations at the end of the trial. When I say you cannot communicate with anyone about the case in any way, this includes communications in writing, through email, via text messaging, on blogs, via comments, posts, or by accessing **any** social media websites and apps, *e.g.*, Twitter, Facebook, Instagram, LinkedIn, YouTube, WhatsApp, Snapchat, Tiktok, and NextDoor. Similarly, you cannot post your own thoughts on any aspect of the trial. The point is that you must not access or allow any app or communication of any kind to expose you to outside information or opinions about this case, or to expose others to your opinions about the case, during the trial. Many of the tools you use to access email, social media, and the internet display third-party notifications, pop-ups, or ads while you are using them. These communications may be intended to persuade you or your community on an issue and could influence you in your service as a juror in this case. For example, while accessing your email, social media, or the internet, through no fault of your own, you might see popups containing information about this case or the matters, legal principles, individuals or other entities involved in this case. [This means you will need to stay off all social media platforms for the duration of the trial.] These are only examples. The sole exception to this rule about

communications will occur during deliberations, when I will direct you to discuss the case with the other jurors.

Throughout the trial, and even during deliberations, you also cannot conduct any type of independent or personal research or investigation regarding any matters related to this case. Therefore, you cannot use your cellphones, iPads, notebooks, tablets, computers or any other device to do any research or investigation regarding this case, the matters in the case, the legal issues in the case, or the individuals or other entities involved in the case. This includes accessing sites such as Google Maps, Google Earth, Casenet, PACER, or any other internet search engines. You must also ignore any and all information about the case you might see, even accidentally, while using your phone, browsing online, or accessing online or electronic apps. This prohibition is mandatory because you must base the decisions you will make in this case solely on what you hear and see in this courtroom.

I understand you may want to tell your family, close friends and other people about your participation in this trial so that you can explain when you are required to be in court. While you can tell them about these sort of logistical issues, you should warn them that you cannot speak about the details of the case and they should not ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence. If you discuss the case with someone other than the other jurors during deliberations, you may be influenced in your verdict by their opinions. That would not be fair to the parties and it would result in a verdict that is not based on the evidence and the law.

The parties have a right to have this case decided only on evidence they know about and that has been presented here in court. If you do some research, investigation, or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete, or

misleading information that has not been tested by the trial process, including the oath to tell the truth and by cross-examination. Each of the parties is entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried.

Are there any of you who cannot or will not abide by these rules concerning communication with others and outside research in any way, shape or form during this trial? (And then continue with other voir dire.)

Plaintiff's Instruction No. ___1___
Source:      Eighth Circuit Jury Instructions
                   No. 0.01 (Instructions Before Voir Dire)

INSTRUCTION NO. _____

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read any newspaper or other written account, watch any televised account, or listen to any radio program on the subject of this trial. Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly based solely on the evidence and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind until you are discharged.

Plaintiff's Instruction No. ___2___
Source:      Eighth Circuit Jury Instructions
                   No. 0.02 (Instructions at End of Voir Dire) (modified)

INSTRUCTION NO. _____

Ladies and gentlemen:  I shall take a few moments now to give you some initial instructions about this case and about your duties as jurors.  At the end of the trial I shall give you further instructions.  I may also give you instructions during the trial.  Unless I specifically tell you otherwise, all such instructions - both those I give you now and those I give you later - are equally binding on you and must be followed.

This is a criminal case, brought against Defendant Trevor Scott Sparks by the United States Government.  Defendant Sparks is charged with four crimes.  Those charges are set forth in what is called an indictment, which I will summarize as follows:

*Count Two* of the indictment alleges that alleges that Defendant Sparks, knowing the property involved represented proceeds of unlawful activity, did knowingly and intentionally conspire with others to conduct financial transactions with the intent to promote the drug distribution conspiracy.

*Count Three* further alleges that Defendant Sparks knowingly and intentionally conspired with others to distribute 500 grams or more of methamphetamine.

*Count Four* further alleges that Defendant Sparks knowingly and intentionally possessed and carried firearms, in furtherance of and during and in relation to a drug trafficking crime.

*Count Five* further alleges that Defendant Sparks possessed a firearm following a conviction for a crime that is punishable by more than one year imprisonment.

You should understand that an indictment is simply an accusation.  It is not evidence of anything.  Each defendant has pleaded not guilty, and is presumed to be innocent unless and until proved guilty beyond a reasonable doubt.

It will be your duty to decide from the evidence whether each defendant is guilty or not guilty of the crimes charged. From the evidence, you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts, but you must follow the law as stated in my instructions, whether you agree with it or not. You have taken an oath to do so.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

Finally, please remember that only these defendants, not anyone else, are on trial here, and that these defendants are on trial only for the crimes charged, not for anything else.

Plaintiff's Instruction No.  3
Source:      Eighth Circuit Jury Instructions
                  No. 1.01 (General; Nature of the Case …)

INSTRUCTION NO. _____

I have mentioned the word "evidence."  "Evidence" includes the testimony of witnesses, documents and other things received as exhibits, any facts that have been stipulated--that is, formally agreed to by the parties, and any facts that have been judicially noticed--that is, facts which I say you may, but are not required to, accept as true, even without evidence.

Certain things are not evidence.   I will list those things for you now:

1.      Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2.      Objections are not evidence.   Lawyers have a right to object when they believe something is improper.   You should not be influenced by the objection.   If I sustain an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.      Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

4.      Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only.   That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

Plaintiff's Instruction No. __4__
Source:        Eighth Circuit Jury Instructions
                   No. 1.03 (Evidence; Limitations)

INSTRUCTION NO. _____

      In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

      In deciding what testimony of any witness to believe, consider the witness' intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness' memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with other evidence that you believe.

Plaintiff's Instruction No. __5__
Source:     <u>Eighth Circuit Jury Instructions</u>
            No. 1.05 (Credibility of Witnesses)

INSTRUCTION NO. _____

At the end of the trial you must make your decision based on what you recall of the evidence.   You will not have a written transcript to consult, and it may not be practical for the court reporter to read back lengthy testimony.   You must pay close attention to the testimony as it is given.

If you wish, however, you may take notes to help you remember what witnesses said.   If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.   And do not let note-taking distract you so that you do not hear other answers by the witness.

When you leave at night, your notes will be secured and not read by anyone.

Plaintiff's Instruction No.   _6_   (if note taking permitted)
Source:        Eighth Circuit Jury Instructions
                        No. 1.06A (No Transcript Available; Note-Taking)

INSTRUCTION NO. _____

        During the trial it may be necessary for me to talk with the lawyers out of the hearing of

the jury; either by having a bench conference here while the jury is present in the courtroom, or by

calling a recess.    Please understand that while you are waiting, we are working.    The purpose of

these conferences is to decide how certain evidence is to be treated under the rules of evidence,

and to avoid confusion and error.    We will, of course, do what we can to keep the number and

length of these conferences to a minimum.

Plaintiff's Instruction No.   __7__
Source:        Eighth Circuit Jury Instructions
               No. 1.07 (Bench Conferences and Recess)

INSTRUCTION NO. _____

To insure fairness, you as jurors must obey the following rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk or communicate with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third,* when you are outside the courtroom do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone should try to talk or communicate to you about the case during the trial, please report it to the courtroom deputy.

*Fourth*, during the trial you should not talk or communicate with or speak to any of the parties, lawyers or witnesses involved in this case – you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of this case sees you talking to a person from the other side – even if it is simply to pass the time of day – an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevators or the like, it is because they are not supposed to talk to or communicate with you.

*Fifth*, it may be necessary for you to tell your family, close friends, teachers, coworkers, or employer about your participation in this trial. You can explain you are required to be in court and can warn them not to ask you about this case, tell you anything they know or think they know about this case, or discuss this case in your presence. You must not communicate with anyone or provide or "post" in any manner any information about the parties, witnesses, participants,

charges, evidence, or anything else related to this case. You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you discuss the case with someone other than the other jurors during deliberations, it could create the perception that you have clearly decided the case or that you may be influenced in your verdict by their opinions. That would not be fair to the parties and it may result in the verdict being thrown out and the case having to be retried. During the trial, while you are in the courthouse and after you leave for the day, do not provide any information to anyone by any means about this case. Thus, for example, do not talk face-to-face or use any electronic device or media, such as any telephone, cell phone, smart phone, camera, recording device, Blackberry, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or Website, or any social media such as Facebook, YouTube, Instagram, SnapChat, or Twitter, or any other type of social media, or use any other way to communicate to anyone any information about this case until I accept your verdict.

*Sixth*, do not do any research -- on the Internet, in libraries, in the newspapers, or in any other way -- or make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other device to search for or to view any place discussed in the testimony. Also, do not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge.

*Seventh*, do not read any news stories or articles in print, or on the Internet, or in any blog, about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it. I can assure you, however, that by the time you have heard the evidence in this case, you will know what you need to return a just verdict.

The parties have a right to have the case decided only on evidence they know about and that has been introduced here in court. If you do some research or investigation or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, including the oath to tell the truth and by cross-examination. All of the parties are entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Remember, you have taken an oath to abide by these rules and you must do so. Failure to follow these instructions may result in the case having to be retried and could result in you being held in contempt.

*Eighth*, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

Plaintiff's Instruction No. ___8___
Source:          <u>Eighth Circuit Jury Instructions</u>
                 No. 1.08 (Conduct of the Jury)

INSTRUCTION NO. _____

The trial will proceed in the following manner:

First, the prosecuting attorney will make an opening statement. Next each defendant's attorney may, but does not have to, make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The prosecution will then present its evidence and counsel for each defendant may cross-examine. Following the prosecution's case, each defendant may, but does not have to, present evidence, testify or call other witnesses. If either defendant calls witnesses, the prosecuting attorney may cross-examine them.

After presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. The court will instruct you further on the law. After that you will retire to deliberate on your verdict.

Plaintiff's Instruction No.   9  
Source:        Eighth Circuit Jury Instructions
                     No. 1.09 (Outline of Trial)

INSTRUCTION NO. _____

We are about to take a recess and I remind you of the instruction I gave you earlier. During this recess, and every other recess, you must not discuss this case with anyone, including the other jurors, members of your family, people involved in the trial, or anyone else. Do not allow anyone to discuss the case with you or within your hearing. Only you have been chosen as jurors in this case, and only you have sworn to uphold the law – no one else has been chosen to do this. You should not even talk among yourselves about the case before you have heard all the evidence and the case has been submitted to you by me for deliberations, because it may affect your final decision. If anyone tries to talk to you about the case, please let me know about it immediately.

When I say "you must not discuss the case with anyone," I also mean do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

Plaintiff's Instruction No. ___10___
Source:       Eighth Circuit Jury Instructions
             No. 2.01 (Duties of Jury-Recesses)

INSTRUCTION NO. _____

The government and the defendant have stipulated—that is, they have agreed—that certain

facts are as counsel has just stated.    You must therefore treat those facts as having been proved.

Plaintiff's Instruction No.  ___11___
Source:        Eighth Circuit Jury Instructions
                 No. 2.03 (Stipulated Facts)

INSTRUCTION NO. _____

You have heard that the witnesses _____ were once convicted of

a crime.    You may use that evidence only to help you decide whether to believe the witness and

how much weight to give his or her testimony.

Plaintiff's Instruction No.   12
Source:        Eighth Circuit Jury Instructions
                   No. 2.18 (Impeachment of Witness – Prior Conviction)

INSTRUCTION NO. _____

You have heard that witnesses _____ pled guilty to a crime which arose out of the same events for which the defendants are on trial here. You must not consider that guilty plea as any evidence of either defendants' guilt. You may consider that witness's guilty plea only for the purpose of determining how much, if at all, to rely upon his or her testimony.

Plaintiff's Instruction No.   13
Source:        Eighth Circuit Jury Instructions
               No. 2.19 (Witness Who Has Pleaded Guilty)

INSTRUCTION NO. _____

You are about to hear evidence that the defendant was previously convicted of crimes because that fact is an element of the offense of being a felon in possession of a firearm, as charged in Count Five of the indictment. This evidence, however, does not mean that the defendant committed the crime charged in Count Five. You may use the evidence of the prior conviction only to help you decide whether the government has proven that the defendant had been convicted of a crime punishable by imprisonment for more than one year as charged in Count Five. You may not consider the defendant Sparks's prior convictions as evidence that he committed any of the other charged offenses in this case.

Plaintiff's Instruction No. ___14___
Source:        <u>Eighth Circuit Jury Instructions</u>
                  No. 2.24 (Defendant's Prior Conviction – Element of Charged Offense)

INSTRUCTION NO. _____

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect.    I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now.    You must not single out some instructions and ignore others, because <u>all</u> are important.    This is true even though some of those I gave you at the beginning of and during trial are not repeated here.

The instructions I am about to give you now, as well as those I gave you earlier, are in writing and will be available to you in the jury room.    I emphasize, however, that this does not mean they are more important than my earlier instructions.    Again, *all* instructions, whenever given and whether in writing or not, must be followed.

Plaintiff's Instruction No.    __15__
Source:        <u>Eighth Circuit Jury Instructions</u>
                No. 3.01 (Introduction)

INSTRUCTION NO. _____

It is your duty to find from the evidence what the facts are.    You will then apply the law, as I give it to you, to those facts.    You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you.    The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

Plaintiff's Instruction No.    __16__
Source:        Eighth Circuit Jury Instructions
                     No. 3.02 (Duty of Jury)

INSTRUCTION NO. _____

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses, the documents and other things received as exhibits, and the facts that have been stipulated -- this is, formally agreed to by the parties.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence.   I will list those things again for you now:

1.      Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2.      Objections are not evidence.   Lawyers have a right to object when they believe something is improper.   You should not be influenced by the objection.   If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3.      Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4.      Anything you saw or heard about this case outside the courtroom is not evidence.

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

Plaintiff's Instruction No.   __17__
Source:           Eighth Circuit Jury Instructions
                  No. 3.03 (Evidence; Limitations)

INSTRUCTION NO. _____

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness' intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness' memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent mis-recollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

[You should judge the testimony of the defendants in the same manner as you judge the testimony of any other witness.]

Plaintiff's Instruction No. ___18___
Source:     Eighth Circuit Jury Instructions
             No. 3.04 (Credibility of Witnesses)

INSTRUCTION NO. _____

The Indictment in this case charges the defendants with four different crimes.

*Count Two* of the indictment alleges that alleges that Defendant Sparks, knowing the property involved represented proceeds of unlawful activity, did knowingly and intentionally conspire with others to conduct financial transactions with the intent to promote the drug distribution conspiracy.

*Count Three* further alleges that Defendant Sparks knowingly and intentionally conspired with others to distribute 500 grams or more of methamphetamine.

*Count Four* further alleges that Defendant Sparks knowingly and intentionally possessed and carried firearms, in furtherance of and during and in relation to a drug trafficking crime.

*Count Five* further alleges that Defendant Sparks possessed a firearm following a conviction for a crime that is punishable by more than one year imprisonment.

The defendant has pleaded not guilty to each of those charges.

The Indictment is simply the document that formally charges the defendants with the crimes for which they are on trial. The Indictment is not evidence. At the beginning of the trial, I instructed you that you must presume the defendants to be innocent. Thus, the defendants began the trial with a clean slate, with no evidence against them.

The presumption of innocence alone is sufficient to find each defendant not guilty of each count. This presumption can be overcome as to each charge only if the prosecution proved during the trial, beyond a reasonable doubt, each element of that charge.

There is no burden upon a defendant to prove that he is innocent. Instead, the burden of proof remains on the prosecution throughout the trial.

Plaintiff's Instruction No. ___19___
Source:     <u>Eighth Circuit Jury Instructions</u>
                No. 3.08 (Description of Charge; Indictment Not Evidence; …)

INSTRUCTION NO. _____

A reasonable doubt is a doubt based upon reason and common sense, and not the mere possibility of innocence. A reasonable doubt is the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it. However, proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

Plaintiff's Instruction No. ___20___
Source:          Eighth Circuit Jury Instructions
                 No. 3.11 (Reasonable Doubt) (prior version)

INSTRUCTION NO. _____

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I shall list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second,* it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict - whether guilty or not guilty - must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if a defendant is found guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the government has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone - including me - how your votes stand numerically.

*Fifth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict whether guilty or not guilty must be unanimous. Nothing

I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.

  *Finally*, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

Plaintiff's Instruction No.   21  
Source:    <u>Eighth Circuit Jury Instructions</u>
      No. 3.12 (Election of Foreperson; Duty to Deliberate; …)

INSTRUCTION NO. _____

You have heard evidence that witness _____ has made a plea agreement with the prosecution. [His] [Her] testimony was received in evidence and may be considered by you. You may give [his] [her] testimony such weight as you think it deserves. Whether or not [his] [her] testimony may have been influenced by the plea agreement promise is for you to determine.

The witness's guilty plea cannot be considered by you as any evidence of this defendant's guilt. The witness's guilty plea can be considered by you only for the purpose of determining how much, if at all, to rely upon the witness's testimony.

Plaintiff's Instruction No. ___22___
Source:      Eighth Circuit Jury Instruction
            No. 4.04 (Testimony of Grant of Immunity or Plea Bargain)

INSTRUCTION NO. _____

  You have heard evidence that _____ entered into individual agreements with United States Attorney's Office.   Each agreement provides that in return for the witness's assistance the government will recommend a less severe sentence.   If the prosecutor handling the witness's case believes he or she provided substantial assistance, that prosecutor can file in the court in which the charges are pending against the witness a motion to reduce his or her sentence.   The judge has no power to reduce a sentence for substantial assistance unless the government, acting through the United States Attorney, files such a motion.   If such a motion for reduction of sentence for substantial assistance is filed by the government, then it is up to the judge to decide whether to reduce the sentence at all, and if so, by how much.

  You may give the testimony of this witness such weight as you think it deserves.   Whether or not testimony of a witness may have been influenced by his or her hope of receiving a reduced sentence is for you to decide.

Plaintiff's Instruction No.   __23__
Source:  Eighth Circuit Jury Instruction
    No. 4.05B (Credibility – Cooperating Witness)

INSTRUCTION NO. _____

You have also heard testimony from persons described as experts. Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

Plaintiff's Instruction No. __24__
Source:       Eighth Circuit Jury Instruction
              No. 4.10 (Opinion Evidence – Expert Witness)

INSTRUCTION NO. _____

       If you determined that an agreement existed and the defendant joined the agreement, then acts and statements knowingly done or made by a member of the agreement during the existence of the agreement and in furtherance of it, may be considered by you as evidence pertaining to the defendant, even though the acts and statements were done or made in the absence of and without the knowledge of the defendant.   This includes acts done or statements made before the defendant joined the agreement, because a person who knowingly, voluntarily and intentionally joins an existing conspiracy becomes responsible for all of the conduct of the co-conspirators from the beginning of the conspiracy.

Plaintiff's Instruction No. __25__
Source:       <u>Eighth Circuit Jury Instructions</u>
                 No. 5.06D (Conspiracy: Co-Conspirator Acts and Statements )

INSTRUCTION NO \_\_\_\_

The crime of conspiracy to commit money laundering as charged in Count Two of the Indictment has three elements, which are:

*One*, on or about between January 1, 2017 and July 21, 2020, two or more persons reached an agreement or came to an understanding to launder money;

To help you decide whether the defendant agreed to commit the crime of money laundering, you should consider the four elements to that crime, which are as follows:

***One***, the defendant conducted a financial transaction (e.g., buying or paying for heroin and/or methamphetamine) which in any way or degree affected interstate commerce;

***Two,*** the defendant conducted the financial transaction with U.S. currency that involved the proceeds of the unlawful conspiracy to distribute heroin and/or methamphetamine;

***Three,*** at the time the defendant conducted the financial transaction, he or she knew the U.S. currency was the proceeds of some form of unlawful activity (e.g., selling heroin and/or methamphetamine); and

***Four,*** the defendant conducted the financial transaction with the intent to promote the conspiracy to distribute heroin and/or methamphetamine or conceal the nature, source, location, ownership, or control of the proceeds.

You may consider the elements of the crime of money laundering in determining whether the defendant agreed to commit the crime of conspiracy to conduct financial transactions to promote a drug conspiracy or conceal the proceeds of a drug conspiracy. However, you must keep in mind that Count Two of the Indictment only charges a conspiracy to conduct financial transactions to promote a drug conspiracy or conceal the proceeds of a drug conspiracy; it does not charge that the crime of money laundering was actually committed.

*Two*, the defendant voluntarily and intentionally joined in the agreement or

      understanding, either at the time it was first reached or at some later time while it

      was still in effect; and

*Three*, at the time the defendant joined in the agreement or understanding, he/she knew

      the purpose of the agreement or understanding.

If all of these elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime of conspiracy to commit money laundering. Record your determination on the Verdict Form which will be submitted to you with these instructions.

Plaintiff's Instruction No. \_\_\_26\_\_\_
Source:      <u>Eighth Circuit Jury Instructions</u>
           5.06A-2 (as modified) (Conspiracy; Elements)

INSTRUCTION NO _____

The crime of conspiracy to distribute over 500 grams or more of methamphetamine as charged in Count Three of the Indictment has four elements, all of which must be met, which are:

*One*, on or about between January 1, 2017 and July 21, 2020, two or more persons reached an agreement or came to an understanding to distribute some amount of methamphetamine;

*Two*, the defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect;

*Three*, at the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding, and

*Four,* the agreement or understanding involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

If all of the required elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime of conspiracy to distribute 500 grams of more of methamphetamine. Record your determination on the Verdict Form which will be submitted to you with these instructions.

Plaintiff's Instruction No. __27__
Source:     Eighth Circuit Jury Instructions
            6.21.846A.1 (Conspiracy (21 U.S.C. § 846))

INSTRUCTION NO. _____

I will now further explain the elements of a conspiracy discussed in Instructions _____, _____, and ____.

The government must prove that the defendant reached an agreement or understanding with at least one other person.

The "agreement" or "understanding" need not be an express or formal agreement or be in writing or cover all the details of how it is to be carried out.    Nor is it necessary that the members have directly stated between themselves the details or purpose of the scheme.

You should understand that merely being present at the scene of an event, or merely acting in the same way as others or merely associating with others, does not prove that a person has joined a conspiracy.    A person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of one, does not thereby become a member.

But a person may join an agreement or understanding, as required by this element, without knowing all the details of the agreement or understanding, and without knowing who all the other members are.    Further, it is not necessary that a person agree to play any particular part in carrying out the agreement or understanding.    A person may become a member of a conspiracy even if that person agrees to play only a minor part in the conspiracy, as long as that person has an understanding of the unlawful nature of the plan and voluntarily and intentionally joins in it.    It does not matter whether the alleged crime was actually committed or whether the alleged participants in the agreement actually succeeded in accomplishing their unlawful plan.    The agreement may last a long time or a short time.    The members of an agreement do not all have to join it at the same time.

You must decide, after considering all the evidence, whether the conspiracy alleged in the Indictment existed. If you find that the alleged conspiracy did exist, you must all decide whether the defendant voluntarily and intentionally joined the conspiracy, either at the time it was first formed or at some later time while it was still in effect. In making the decision of whether the defendant joined the conspiracy you must consider only evidence of the defendant's own actions and statements. You may not consider actions and pretrial statements of others.

Plaintiff's Instruction No. __28__
Source: <u>Eighth Circuit Jury Instructions</u>
No. 5.06A-2 (as modified) (Conspiracy; Elements)

INSTRUCTION NO. _____

The crime of possessing a firearm in furtherance of a drug trafficking crime as charged in Count Four of the Indictment has two elements:

*One*, the defendant committed the crime of conspiracy to distribute methamphetamine as charged in Count Three of the Indictment; and

*Two*, the defendant knowingly possessed a firearm in furtherance of that crime.

The phrase "in furtherance of" means furthering, advancing, or helping forward. This means the government must prove that the defendant possessed the firearm with the intent that it advance, assist or help commit the crime, but the government need not prove that the firearm actually did so.

If all of these elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime of possessing a firearm in furtherance of a drug trafficking crime.   Record your determination on the Verdict Form which will be submitted to you with these instructions.

Plaintiff's Instruction No. ___29___
Source:         Eighth Circuit Jury Instruction
                No. 6.18.924C-1 (Possession in Furtherance of Drug Trafficking Offense)

INSTRUCTION NO. _____

The crime of being a felon in possession of firearms, as Charged in Count Five of the Indictment, has four elements:

*One*, the defendant had been convicted of a crime punishable by imprisonment for more than one year;

*Two*, after that, the defendant knowingly possessed a firearm.

*Three*, at the time he possessed the firearm, the defendant knew he had been convicted of crime punishable by imprisonment for more than one year; and

*Four*, the firearm was transported across a state line at some during or before the defendant's possession of it.

[You are instructed that (list convictions of the defendant, e.g., burglary, robbery) [is] [are each] [a] crime [s] punishable by imprisonment for more than one year under the laws of (list jurisdiction, e.g., State of Missouri).]

[You are instructed that the [government] [prosecution] and the defendant have agreed that the defendant [has been convicted of a crime punishable by imprisonment for more than one year under the laws of (list jurisdiction, e.g., State of Missouri)] [other prohibited status], and you must consider the first element as proven.]

[You are instructed that the [government] [prosecution] and the defendant have agreed that the defendant knew he [had been convicted of a crime punishable by imprisonment for more than one year under the laws of (list jurisdiction, e.g., State of Missouri)] [other prohibited status] on [date], and you must consider the third elements as proven.]

If you have found beyond a reasonable doubt that the firearm in question was manufactured in a state other than (name state in which possession occurred) and that the defendant possessed

that firearm in the State of (name state in which possession occurred), then you may, but are not required to, find that it was transported across a state line.

The term "firearm" means any weapon (including a starter gun) which will or is designed to or may be readily converted to expel a projectile by the action of an explosive.

If all of these elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime of reentering the United States without consent. Record your determination on the Verdict Form which will be submitted to you with these instructions.

Plaintiff's Instruction No. __30__
Source: <u>Eighth Circuit Jury Instruction</u>
No. 6.8.922A

INSTRUCTION NO. _____

The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may have sole or joint possession.

A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.

Whenever the word "possession" has been used in these instructions it includes actual as well as constructive possession and also sole as well as joint possession.

Plaintiff's Instruction No. ___31__
Source:        Eighth Circuit Jury Instruction
               No. 8.02 (Possession: Actual, Constructive, Sole, Joint)

INSTRUCTION NO. _____

An act is done knowingly if the defendant is aware of the act and does not act or fail to act through ignorance, mistake or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Plaintiff's Instruction No. __32__
Source: <u>Eighth Circuit Jury Instruction</u>
No. 7.03 (Knowing)

INSTRUCTION NO. _____

The defendant's intent or knowledge may be proved like anything else. You may consider any statements made and acts done by the defendant, and all the facts and circumstances in evidence which may aid in a determination of defendant's knowledge and intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

Plaintiff's Instruction No. __33__
Source: Eighth Circuit Jury Instruction
No. 7.05 (Proof of Intent or Knowledge)

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

UNITED STATES OF AMERICA,

                              Plaintiff,

          v.                                 Case No. 18-00293-02-CR-W-DGK

TREVOR SCOTT SPARKS, (02),

                            Defendant.

## <u>VERDICT 1</u>

We, the jury, find defendant Trevor Scott Sparks _____ of the crime of
                                           *(guilty – not guilty)*

conspiracy to launder money, as charged in Count Two.


_____
FOREPERSON


DATE: _____

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

UNITED STATES OF AMERICA,

                Plaintiff,

      v.

TREVOR SCOTT SPARKS, (02),

                Defendant.

Case No. 18-00293-02-CR-W-DGK

## **<u>VERDICT 2</u>**

We, the jury, find defendant Trevor Scott Sparks _____ of the crime of
                                         *(guilty – not guilty)*

conspiracy to distribute a controlled substance, as charged in Count Three.

       Only for any purpose you found above, how much of that controlled substance do you find
was intended to be distributed?

      _____ or more grams of a mixture or substance containing a detectable amount of

methamphetamine was intended for distribution in the conspiracy.


                                  _____
                                  FOREPERSON


DATE: _____

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

UNITED STATES OF AMERICA,

                     Plaintiff,

      v.                                        Case No. 18-00293-02-CR-W-DGK

TREVOR SCOTT SPARKS, (02),

                     Defendant.

## <u>VERDICT 3</u>

We, the jury, find defendant Trevor Scott Sparks _____ of the crime of
                                                     *(guilty – not guilty)*

possession of a firearm in furtherance of a drug trafficking offense as charged in Count Four.

If you find the defendant "guilty," you must answer the following:

Which of the following firearms did the defendant possess?

        _____ Beretta 92S 9mm semi-automatic handgun (Serial# U22039Z); and/or

        _____ Smith and Wesson .40 caliber semi-automatic handgun (Serial# DTL2346); and/or

        _____ Glock model 22 semi-automatic handgun (Serial# NBW256); and/or

        _____ VMAC MAC 11 .45 caliber handgun (Serial# P14280); and/or

        _____ WISE .223 AR pistol (Serial# 11969); and/or

        _____ M92PV AK47 pistol (Serial# M92PV065595); and/or

        _____ Marlin .22 caliber long rifle (Serial# 22347947); and/or

        _____ Cobra SF380 .380 caliber semi-automatic pistol (Serial# FS0999788); and/or

        _____ tan in color ("peanut butter") Glock 19 9mm semi-automatic pistol (Serial# ABZZX738); and/or

_____ Glock 19 9mm semi-automatic firearm (Serial# BAZK342); and/or

_____ 20 ga. Firearm, make and model obliterated (Serial# H380221); and/or

_____ Glock 19 9mm semi-automatic handgun (Serial# ACHY981); and/or

_____ Glock 22 .40 caliber semi-automatic handgun (Serial# MHAK692); and/or

_____ IO Inc. Inter Ordinance multi-caliber pistol (Serial# SDW-00160); and/or

_____ Taurus 9mm (Serial# THP36424); and/or

_____ Glock 20 10mm semi-automatic handgun (Serial# BDDK234); and/or

_____ Zastava Pap 7.62 caliber rifle (Serial# M92PV029294); and/or

_____ Stag Arms model STAG-15, semi-automatic AR15 pistol (Serial# 64773); and/or

_____ American Tactical Imports model OMNI HYBRID, multi-caliber AR 15 rifle (Serial# N5167731); and/or

_____ Century Arms International Model M85NP 7.62x39 semiautomatic handgun (Serial# M85-NP00959); and/or

_____ Winchester 1200 12 ga. shotgun (Serial# 3815); and/or

_____ Maverick 88 by Mossberg 12 ga. shotgun (Serial# MV0105656); and/or

_____ Taurus PT111G2 9mm semi-automatic pistol (Serial# TKN19799); and/or

_____ Glock 22 .40 caliber semi-automatic pistol (Serial# RMX867); and/or

_____ Smith and Wesson SD40VE, .40 caliber semi-automatic pistol (Serial# HEY3705); and/or

_____ Ruger EC9S 9mm semi-automatic pistol (Serial# 455-03954); and/or

_____ Taurus model PT111G2 9mm semi-automatic pistol (Serial# TLS49750); and/or

_____ Mossberg model 500 model 12 ga. shotgun (Serial# U117427); and/or

_____ Smith and Wesson SD9BE 9mm semi-automatic pistol (Serial# HEB0953); and/or

_____ Masterpiece Arms 9mm semi-automatic pistol (Serial# F15965); and/or

_____ American Tactical MSA 011215 55.5x45 rifle; and/or

_____ Smith and Wesson MP9 (Serial# NBK5663); and/or

_____ N-Papa 7.62x39mm rifle (Serial# N-PAP020148); and/or

_____ Romarm SAR2 5.45x39mm rifle (Serial# S2-06645-2002); and/or

_____ Ruger 10-22 .22LR rifle (Serial# 128-20343); and/or

_____ Unknown manufacturer .22 caliber AK-47 (Serial# 794002); and/or

_____ Anderson Manufacturing AM-15 Multi Cal 5.56 pistol (Serial# 17052123); and/or

_____ Taurus PT 92 AFS 9mm semiautomatic handgun (Serial# TCX53200); and/or

_____ Taurus PT111G2 9mm semiautomatic (Serial# TJX32101); and/or

_____ Taurus 357 magnum revolver model 605 (Serial# G528419); and/or

_____ Glock 30S .45 caliber handgun (Serial# BEVH508); and/or

_____ Smith and Wesson SD 40 .40 caliber semiautomatic handgun (Serial# FBJ2425); and/or

_____ SCCY 9mm semiautomatic handgun (Serial# 19603); and/or

_____ Remington 870 shotgun (Serial# B668792M); and/or

_____ Jimenez Arms 9mm semiautomatic handgun (Serial# 384170); and/or

_____ Jimenez Arms 9mm semiautomatic handgun (Serial# 410835); and/or

_____ TC Montgomery double barrel shotgun (Serial# 71276); and/or

_____ Connecticut Valley Arms .50 caliber rifle (Serial# 87130368); and/or

_____ S&W SW 40 VE .40 caliber semiautomatic handgun (Serial# DMV7530); and/or

_____ Ruger ECS9S 9mm semiautomatic handgun (Serial# 454-99301); and/or

_____ Raven Arms MP-25 .25 caliber semiautomatic handgun; and/or

_____ SCCY CPX-2 9mm semiautomatic handgun; and/or

_____ S&W M&P-15 rifle (Serial# 42469).


_____

FOREPERSON


DATE: _____

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

UNITED STATES OF AMERICA,

                Plaintiff,

     v.

TREVOR SCOTT SPARKS, (02),

                Defendant.

Case No. 18-00293-02-CR-W-DGK

## <u>VERDICT 4</u>

We, the jury, find defendant Trevor Scott Sparks _____ of the crime of felon
                                                  *(guilty – not guilty)*

in possession of firearms as charged in Count Five.

If you find the defendant "guilty," you must answer the following:

Which of the following firearms did the defendant possess?

_____ Beretta 92S 9mm semi-automatic handgun (Serial# U22039Z); and/or

_____ Smith and Wesson .40 caliber semi-automatic handgun (Serial# DTL2346); and/or

_____ Glock model 22 semi-automatic handgun (Serial# NBW256); and/or

_____ VMAC MAC 11 .45 caliber handgun (Serial# P14280); and/or

_____ WISE .223 AR pistol (Serial# 11969); and/or

_____ M92PV AK47 pistol (Serial# M92PV065595); and/or

_____ Marlin .22 caliber long rifle (Serial# 22347947); and/or

_____ Cobra SF380 .380 caliber semi-automatic pistol (Serial# FS0999788); and/or

_____ tan in color ("peanut butter") Glock 19 9mm semi-automatic pistol (Serial# ABZZX738); and/or

_____ Glock 19 9mm semi-automatic firearm (Serial# BAZK342); and/or

_____ 20 ga. Firearm, make and model obliterated (Serial# H380221); and/or

_____ Glock 19 9mm semi-automatic handgun (Serial# ACHY981); and/or

_____ Glock 22 .40 caliber semi-automatic handgun (Serial# MHAK692); and/or

_____ IO Inc. Inter Ordinance multi-caliber pistol (Serial# SDW-00160); and/or

_____ Taurus 9mm (Serial# THP36424); and/or

_____ Glock 20 10mm semi-automatic handgun (Serial# BDDK234); and/or

_____ Zastava Pap 7.62 caliber rifle (Serial# M92PV029294); and/or

_____ Stag Arms model STAG-15, semi-automatic AR15 pistol (Serial# 64773); and/or

_____ American Tactical Imports model OMNI HYBRID, multi-caliber AR 15 rifle (Serial# N5167731); and/or

_____ Century Arms International Model M85NP 7.62x39 semiautomatic handgun (Serial# M85-NP00959); and/or

_____ Winchester 1200 12 ga. shotgun (Serial# 3815); and/or

_____ Maverick 88 by Mossberg 12 ga. shotgun (Serial# MV0105656); and/or

_____ Taurus PT111G2 9mm semi-automatic pistol (Serial# TKN19799); and/or

_____ Glock 22 .40 caliber semi-automatic pistol (Serial# RMX867); and/or

_____ Smith and Wesson SD40VE, .40 caliber semi-automatic pistol (Serial# HEY3705); and/or

_____ Ruger EC9S 9mm semi-automatic pistol (Serial# 455-03954); and/or

_____ Taurus model PT111G2 9mm semi-automatic pistol (Serial# TLS49750); and/or

_____ Mossberg model 500 model 12 ga. shotgun (Serial# U117427); and/or

_____ Smith and Wesson SD9BE 9mm semi-automatic pistol (Serial# HEB0953); and/or

_____ Masterpiece Arms 9mm semi-automatic pistol (Serial# F15965); and/or

_____ American Tactical MSA 011215 55.5x45 rifle; and/or

_____ Smith and Wesson MP9 (Serial# NBK5663); and/or

_____ N-Papa 7.62x39mm rifle (Serial# N-PAP020148); and/or

_____ Romarm SAR2 5.45x39mm rifle (Serial# S2-06645-2002); and/or

_____ Ruger 10-22 .22LR rifle (Serial# 128-20343); and/or

_____ Unknown manufacturer .22 caliber AK-47 (Serial# 794002); and/or

_____ Anderson Manufacturing AM-15 Multi Cal 5.56 pistol (Serial# 17052123); and/or

_____ Taurus PT 92 AFS 9mm semiautomatic handgun (Serial# TCX53200); and/or

_____ Taurus PT111G2 9mm semiautomatic (Serial# TJX32101); and/or

_____ Taurus 357 magnum revolver model 605 (Serial# G528419); and/or

_____ Glock 30S .45 caliber handgun (Serial# BEVH508); and/or

_____ Smith and Wesson SD 40 .40 caliber semiautomatic handgun (Serial# FBJ2425); and/or

_____ SCCY 9mm semiautomatic handgun (Serial# 19603); and/or

_____ Remington 870 shotgun (Serial# B668792M); and/or

_____ Jimenez Arms 9mm semiautomatic handgun (Serial# 384170); and/or

_____ Jimenez Arms 9mm semiautomatic handgun (Serial# 410835); and/or

_____ TC Montgomery double barrel shotgun (Serial# 71276); and/or

_____ Connecticut Valley Arms .50 caliber rifle (Serial# 87130368); and/or

_____ S&W SW 40 VE .40 caliber semiautomatic handgun (Serial# DMV7530); and/or

_____ Ruger ECS9S 9mm semiautomatic handgun (Serial# 454-99301); and/or

_____ Raven Arms MP-25 .25 caliber semiautomatic handgun; and/or

_____ SCCY CPX-2 9mm semiautomatic handgun; and/or

_____ S&W M&P-15 rifle (Serial# 42469).


_____
FOREPERSON


DATE: _____