**INSTRUCTION NO. 1**

During this recess or any other recess, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. "Do not discuss" also means do not e-mail, send text messages, blog, post on social media or engage in any other form of written, oral, or electronic communication. If anyone tries to talk to you about the case, please let me know about it immediately. Keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

Finally, you must not conduct any independent research about this case, or the matters, legal issues, individuals, or other entities involved in this case. Just as you must not search or review any traditional sources of information about this case (such as dictionaries, reference materials, television news, or entertainment programs), you also must not access any electronic resources for information about this case, about the witnesses or parties involved, or about the legal issues raised during the case. For example, you cannot look up the meaning of an objection raised during this case. It is also improper to visit or view, including electronically, any place discussed in this case. The bottom line for the important work you will be doing is that you must base your verdict only on the evidence presented in this courtroom, along with the instructions on the law that I will provide.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

## INSTRUCTION NO. 2

Ladies and gentlemen: I will take a few moments now to give you some initial instructions about this case and about your duties as jurors. At the end of the trial, I shall give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all such instructions—both those I give you now and those I give you later— are equally binding on you and must be followed.

This is a criminal case brought against Defendant Trevor Sparks by the United States government. Mr. Sparks is charged in what is called an Indictment, which I will summarize for you now. You may notice that I skip some count numbers from the Indictment; those counts are not before you in this trial.

Count Two charges that between January 1, 2017, and July 21, 2020, Defendant conspired with others to commit money laundering by knowingly agreeing with others to conduct financial transactions involving the proceeds from a conspiracy to distribute methamphetamine with the intent to purchase additional methamphetamine and to conceal the nature of these proceeds to avoid bank reporting requirements. These proceeds were then used in such as manner as to conceal their true nature and to avoid bank reporting requirements.

Count Three charges that between January 1, 2017, and July 21, 2020, Defendant conspired with others to distribute 500 grams or more of a substance containing methamphetamine.

Count Four charges that between January 1, 2017, and July 21, 2020, Defendant—in furtherance of and in relation to crimes of violence and drug trafficking—possessed various firearms which had been transported in interstate commerce.

Count Five charges that between January 1, 2017, and July 21, 2020, Defendant was a felon in possession of a firearm and ammunition.

2

You should understand that the Indictment is simply an accusation. It is not evidence of anything. Defendant has pled not guilty and is presumed to be innocent unless and until proved guilty beyond a reasonable doubt.

It will be your duty to decide from the evidence whether Defendant is guilty or not guilty of the crimes charged. From the evidence, you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence. You will then apply those facts to the law, which I give you in these instructions and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts, but you must follow my instructions, whether you agree with them or not. You have taken an oath to do so.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

Finally, please remember that only this Defendant, not anyone else, is on trial here, and that he is on trial only for the crimes charged, not for anything else.

## INSTRUCTION NO. 3

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses, documents and other things received as exhibits, any facts that have been stipulated—that is, formally agreed to by the parties, and any facts that have been judicially noticed—that is, facts which I say you may, but are not required to, accept as true, even without evidence.

Certain things are not evidence. I shall list those things for you now:

1. Statements, arguments, questions, and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

4. Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms. The law

4

makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

**INSTRUCTION NO. 4**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony of any witness to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with other evidence that you believe.

## INSTRUCTION NO. 5

At the end of the trial, you will have to make your decision based on what you recall of the evidence. You will not have a written copy of the testimony to refer to. Because of this, you must pay close attention to the testimony and other evidence as it is presented here in the courtroom.

If you wish, however, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. And do not let note-taking distract you so that you do not hear other answers by the witness.

When you leave at night, your notes will be secured and not read by anyone. At the end of the trial, Ms. Strodtman will collect your notes and they will be destroyed.

**INSTRUCTION NO. 6**

During the trial it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

## INSTRUCTION NO. 7

To ensure fairness, you as jurors must obey the following rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended and your verdict has been accepted by me. If someone tries to talk to you about the case during the trial, please report it to the courtroom deputy, Ms. Strodtman, and she will report it to me.

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers, or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side— even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they cannot talk to or visit with you.

*Fifth*, it may be necessary for you to tell your family, close friends, teachers, coworkers, or employer about your participation in this trial. You can explain when you are required to be in court and can warn them not to ask you about this case, tell you anything they know or think they know about this case, or discuss this case in your presence. You must not communicate with anyone or post information about the parties, witnesses, participants, charges, evidence, or

anything else related to this case. You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so.

During the trial, while you are in the courthouse and after you leave for the day, do not give any information to anyone, by any means, about this case. For example, do not talk face-to-face or use any electronic device, such as a telephone, cell phone, smart phone, computer, or computer-like device. Likewise, do not use the Internet or any Internet service—including social media such as Facebook or LinkedIn—and do not text, tweet, or send instant messages. In other words, do not communicate with anyone about this case—except for the other jurors during deliberations—until I accept your verdict.

*Sixth*, do not do any research—on the Internet, in libraries, in the newspapers, or in any other way—or make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. Also, do not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge.

*Seventh*, do not read any news stories or articles in print, or on the Internet, or in any blog, about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it. In fact, until the trial is over, I suggest that you avoid reading any newspapers or news journals at all, and avoid listening to any television or radio newscasts at all. I do not know whether there might be any news reports of this case, but if there are, you might inadvertently find yourself reading or listening to something before you could do anything about it. If you want, you can have your spouse or a friend clip out any stories and set them aside to give you after the trial is over. I can assure you, however, that by the time you have heard the evidence in this case, you will know what you need to return a just verdict.

10

The parties have a right to have the case decided only on evidence they know about and that has been introduced here in court. If you do any research or investigation or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, including the oath to tell the truth and by cross-examination. All of the parties are entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Remember, you have taken an oath to abide by these rules and you must do so.

*Eighth*, do not make up your mind during the trial about what your verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed all the evidence.

## INSTRUCTION NO. 8

The trial will proceed in the following manner:

First, the Government attorney will make an opening statement. Next, Defendant's attorneys may make an opening statement. An opening statement is not evidence, but it is a summary of the evidence the lawyers expect you will see and hear during the trial.

The Government will then present its evidence and Defendant's attorneys may cross-examine. Following the Government's case, Defendant may, but does not have to, present evidence, testify, or call other witnesses. If Defendant calls witnesses, the Government attorney may cross-examine them.

After presentation of evidence is completed, I will instruct you further on the law. The attorneys will then make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. After that you will retire to deliberate on your verdict.

## INSTRUCTION NO. 9

The Government and Defendant have stipulated—that is, they have agreed—that certain facts are as counsel has just stated. You must therefore treat those facts as having been proved.

## INSTRUCTION NO. 10

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because all are important. This is true even though some of those I gave you earlier are not repeated here.

The instructions I am about to give you now as well as those I gave you earlier are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, all instructions, whenever given and whether in writing or not, must be followed.

**INSTRUCTION NO. 11**

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

## INSTRUCTION NO. 12

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses, the documents and other things received as exhibits, and the facts that have been stipulated—that is, formally agreed to by the parties.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I will list those things again for you now:

1. Statements, arguments, questions, and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4. Anything you saw or heard about this case outside the courtroom is not evidence.

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

## INSTRUCTION NO. 13

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

## INSTRUCTION NO. 14

You have heard evidence that Defendant was previously convicted of a crime because that fact is an element of the offense of being a felon in possession of a firearm, as charged in Count Five of the indictment. This evidence, however, does not mean that Defendant committed the crime charged in Count Five.

You may use the evidence of the prior conviction only to help you decide whether the Government has proven that Defendant had been convicted of a crime punishable by imprisonment for more than one year as charged in Count Five. You may not consider Defendant's prior convictions as evidence that he committed any of the charged offenses in this case.

**INSTRUCTION NO. 15**

You have heard that witnesses David "Shorty" Smith, Katee Garcia, Russell McGinnis, Ben Puleo, Jennifer Wesson, David Richards, Leslie Walker, Doug McCrorey, Michael Zieger, Patricia ("Mama Pat") Nelson, Bobbie King, Stephanie Thurmond, Adam Mainieri, Kenneth McClure, Gloria May Jones (aka "May May"), and Vicente Araujo (aka "Mexican Junior") were once convicted of crimes. You may use that evidence only to help you decide whether to believe each witness and how much weight to give his or her testimony.

## INSTRUCTION NO. 16

You have heard that witnesses David Richards, Leslie Walker, Doug McCrorey, Michael Zieger, Patricia ("Mama Pat") Nelson, Bobbie King, Stephanie Thurmond, Adam Mainieri, Kenneth McClure, Gloria May Jones (aka "May May"), and Vicente Araujo (aka "Mexican Junior") pled guilty to crimes which arose out of the same events for which Defendant is on trial here. You must not consider their guilty pleas as any evidence of Defendant's guilt. You may consider these witnesses' guilty pleas only for the purpose of determining how much, if at all, to rely upon their testimony.

## INSTRUCTION NO. 17

You have heard evidence that David Richards, Leslie Walker, Doug McCrorey, Michael Zieger, Patricia "Mama Pat" Nelson, Bobbie King, Stephanie Thurmond, Adam Mainieri, Kenneth McClure, Gloria May Jones (aka "May May"), and Vicente Araujo (aka "Mexican Junior") hope to receive a reduced sentence on criminal charges in return for his or her cooperation with the Government in this case. These witnesses entered into agreements with the Government which provided them with various benefits. For example, that in return for his or her assistance, the Government would dismiss certain charges, or recommend a less severe sentence which could be less than the mandatory minimum sentence for the crime(s) with which he or she is charged.

All of these witnesses pled guilty to crimes which were subject to a mandatory minimum sentence, that is, a sentence that the law provides must be of a certain minimum length. If the prosecutor handling these witnesses' cases believes one, or more, of these witnesses provided substantial assistance, that prosecutor can file in the court in which the charges are pending against this witness, or these witnesses, a motion to reduce his or her sentence below the statutory minimum. The judge has no power to reduce a sentence for substantial assistance unless the Government, acting through the United States Attorney, files such a motion. If such a motion for reduction of sentence for substantial assistance is filed by the Government, then it is up to the judge to decide whether to reduce the sentence at all, and if so, how much to reduce it.

You may give the testimony of this witness such weight as you think it deserves. Whether or not testimony of a witness may have been influenced by his or her hope of receiving a reduced sentence is for you to decide.

**INSTRUCTION  NO. 18**

You have heard evidence that in the course of interviewing witnesses Katee Garcia, Russell McGinnis, Ben Puleo, and Jennifer Wesson, an investigating law enforcement officer informed them that they could be either a witness or a defendant in this case.  Each became a witness and was not charged as a defendant in this case.

You may give the testimony of this witness such weight as you think it deserves. Whether or not testimony of a witness may have been influenced by such comments is for you to decide.

## INSTRUCTION  NO. 19

The  value  of  identification  testimony  depends  on  the  opportunity  the witness  had to  observe  the  offender  at  the  time  of  the  offense  and  to  make  a reliable identification later.

In  evaluating  such  testimony,  you  should  consider  all  of  the  factors mentioned in  these  instructions  concerning  your  assessment  of  the  credibility of any  witness,  and  you should  also  consider,  in  particular,  whether  the  witness  had  an  adequate  opportunity  to observe  the  person  in  question  at  the  time  of  the  offense.  You  may  consider,  in  that regard,  such  matters  as  the  length  of  time  the  witness  had  to  observe  the  person in question, the  prevailing  conditions  at  the  time  in  terms  of  visibility  or  distance  and  the  like,  and  whether the  witness  had  known  or  observed  the  person  at  earlier  times.

You  should  also  consider  whether  the  identification  made  by  the  witness after the offense was the product of his or her own recollection.  You may consider, in that regard, the strength of the identification, and the circumstances under which the  identification  was  made, and  the  length  of  time  that  elapsed  between  the  occurrence  of  the  crime  and  the  next opportunity  the  witness  had  to  see  the  person.

You  may  take  into  account  that  an  identification  made  by  picking  the person out of  a  group  of  similar  individuals  is  generally  more  reliable  than  one  which results  from  the presentation  of  the  person  alone  to  the  witness.

If  the  identification  by  the  witness  may  have  been  influenced  by  the circumstances under  which  the  person  was  presented  to  him or her  for identification, you should scrutinize the identification with great care.

You may take into account any occasions in which the witness failed to make an identification of the person or made an identification that was inconsistent with his or her identification at trial.

The Government has the burden of proving identity beyond a reasonable doubt. It is not essential that the witness be free from doubt as to the correctness of the identification.

If the identification of Defendant is at issue, you, the jury, must be satisfied beyond a reasonable doubt of the accuracy of the identification of Defendant before you may find him guilty. If you are not convinced beyond a reasonable doubt that Defendant was the person who committed the crime, you must find Defendant not guilty.

## INSTRUCTION NO. 20

The Indictment in this case charges Defendant with four different crimes.

*Count Two* charges that Defendant, knowing the property involved represented proceeds of unlawful activity, did knowingly and intentionally conspire with others to conduct financial transactions with the intent to promote the drug distribution conspiracy.

*Count Three* charges that Defendant knowingly and intentionally conspired with others to distribute 500 grams or more of methamphetamine.

*Count Four* charges that Defendant knowingly and intentionally possessed and carried firearms, in furtherance of and during and in relation to a drug trafficking crime.

*Count Five* charges that Defendant possessed a firearm following a conviction for a crime that is punishable by more than one year imprisonment.

Defendant has pleaded not guilty to each of these charges.

The Indictment is simply the document that formally charges Defendant with the crimes for which he is on trial. The Indictment is not evidence. At the beginning of the trial, I instructed you that you must presume Defendant to be innocent. Thus, Defendant began the trial with a clean slate, with no evidence against him.

The presumption of innocence alone is sufficient to find Defendant not guilty of each count. This presumption can be overcome as to each charge only if the Government proved during the trial, beyond a reasonable doubt, each element of that charge.

There is no burden upon Defendant to prove that he is innocent. Instead, the burden of proof remains on the Government throughout the trial. Accordingly, the fact that Defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdict.

**INSTRUCTION NO. 21**

The crime of conspiracy to commit money laundering as charged in Count Two of the Indictment has three elements, which are:

*One*, on or about between January 1, 2017, and July 21, 2020, two or more persons reached an agreement or came to an understanding to launder money;

*Two*, Defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; and

*Three*, at the time Defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding.

If all of these elements have been proved beyond a reasonable doubt as to Defendant, then you must find Defendant guilty of the crime of conspiracy to commit money laundering; otherwise you must find Defendant not guilty of this crime. Record your determination on Verdict Form 1.

## INSTRUCTION NO. 22

To help you decide whether Defendant agreed to commit the crime of conspiracy to commit money laundering as set forth in Instruction No. 21, you should consider the four elements of money laundering, which are as follows:

> *One*, Defendant or a co-conspirator conducted a financial transaction (e.g., buying or paying for methamphetamine) which in any way or degree affected interstate commerce;

> *Two,* Defendant or a co-conspirator conducted the financial transaction with U.S. currency that involved the proceeds of the unlawful conspiracy to distribute methamphetamine;

> *Three,* at the time Defendant or a co-conspirator conducted the financial transaction, he or she knew the U.S. currency was the proceeds of some form of unlawful activity (e.g., selling methamphetamine); and

> *Four,* Defendant or a co-conspirator conducted the financial transaction with the intent to promote the conspiracy to distribute methamphetamine or conceal the nature, source, location, ownership, or control of the proceeds.

You may consider the elements of the crime of money laundering in determining whether Defendant agreed to commit the crime of conspiracy to conduct financial transactions to promote a drug conspiracy or conceal the proceeds of a drug conspiracy. However, you must keep in mind that Count Two of the Indictment only charges a conspiracy to conduct financial transactions to promote a drug conspiracy or conceal the proceeds of a drug conspiracy; it does not charge that the crime of money laundering was actually committed.

**INSTRUCTION NO. 23**

The crime of conspiracy to distribute 500 grams or more of methamphetamine as charged in Count Three of the Indictment has four elements, all of which must be met, which are:

*One*, on or about between January 1, 2017, and July 21, 2020, two or more persons reached an agreement or came to an understanding to distribute some amount of methamphetamine;

*Two,* Defendant voluntarily and intentionally joined in the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect;

*Three*, at the time Defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding, and

*Four,* the agreement or understanding involved 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine.

If all of the required elements have been proved beyond a reasonable doubt as to Defendant, then you must find Defendant guilty of the crime of conspiracy to distribute 500 grams or more of methamphetamine; otherwise you must find Defendant not guilty of this crime. Record your determination on Verdict Form 2.

## INSTRUCTION NO. 24

I will now provide further explanation of the elements of the conspiracies charged in Counts Two and Three.

**Element One -**

Element One requires that two or more people reached an agreement to commit a crime: in Count Two, the crime of conspiracy to commit money laundering charged in Count Two; in Count Three, the crime of conspiracy to distribute 500 grams or more of methamphetamine.

For you to find that the Government has proved a conspiracy, you must unanimously find that there was an agreement to act for this purpose. You must unanimously agree which purpose or purposes motivated the members of the agreement to act. If you are unable to unanimously agree on at least one of these purposes, you cannot find Defendant guilty of conspiracy.

The agreement between two or more people to commit a crime charged in Count Two or Count Three does not need to be a formal agreement or in writing. A verbal or oral understanding can be sufficient to establish an agreement.

It does not matter whether the crime of money laundering or the crime of distribution of 500 grams or more of methamphetamine was actually committed, or whether the alleged participants in agreement actually succeeded in accomplishing their unlawful plan.

The agreement may last a long time or a short time. The members of an agreement do not all have to join it at the same time. You may find that someone joined the agreement even if you find that person did not know all of the details of the agreement.

A person may be a member of the agreement even if the person does not know all of the other members of the agreement or the person agreed to play only a minor part in the agreement.

**Element Two -**

Element Two requires that Defendant voluntarily and intentionally joined the agreement.

If you have determined that two or more people reached an agreement to commit a crime charged in Count Two or Count Three, you must next decide whether Defendant voluntarily and intentionally joined that agreement, either at the time it was first formed or at some later time while it was still in effect.

In deciding whether Defendant joined the agreement, you may consider only his acts and his statements. A person joins an agreement to commit money laundering or to distribute 500 grams or more of methamphetamine by voluntarily and intentionally participating in the unlawful plan with the intent to further that crime. It is not necessary for you to find Defendant knew all the details of the unlawful plan. It is not necessary for you to find Defendant reached an agreement with every person you determine was a participant in the agreement.

Evidence that a person was present at the scene of an event, or acted in the same way as others or associated with others, does not, alone, prove that the person joined a conspiracy. A person who has no knowledge of a conspiracy, but who happens to act in a way that advances the purpose of the conspiracy, does not thereby become a member. A person's mere knowledge of the existence of a conspiracy, or mere knowledge that an objective of a conspiracy was being considered or attempted, or mere approval of the purpose of a conspiracy, is not enough to prove that the person joined in a conspiracy.

**Element Three -**

Element Three requires that Defendant knew the purpose of the agreement at the time he joined the agreement.

A person knows the purpose of the agreement if he is aware of the agreement and does not

participate in it through ignorance, mistake, carelessness, negligence, or accident. It is seldom, if ever, possible to determine directly what was in a defendant's mind. Thus, Defendant's knowledge of the agreement and its purpose can be proved like anything else, from reasonable conclusions drawn from the evidence.

It is not enough that Defendant and the other alleged participants in the agreement to commit the crimes of conspiracy alleged in Count Two and Count Three simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. Defendant must have known of the existence and purpose of the agreement. Without such knowledge, Defendant cannot be guilty of conspiracy, even if his acts furthered the conspiracy.

## INSTRUCTION NO. 25

If you determined that an agreement existed and Defendant joined the agreement, then acts and statements knowingly done or made by a member of the agreement during the existence of the agreement and in furtherance of it, may be considered by you as evidence pertaining to Defendant, even though the acts and statements were done or made in the absence of and without Defendant's knowledge. This includes acts done or statements made before Defendant joined the agreement, because a person who knowingly, voluntarily, and intentionally joins an existing conspiracy becomes responsible for all of the conduct of the co-conspirators from the beginning of the conspiracy.

## INSTRUCTION NO. 26

The crime of possessing a firearm in furtherance of a drug trafficking crime as charged in Count Four of the Indictment has two elements:

*One*, Defendant committed the crime of conspiracy to distribute 500 grams or more of methamphetamine as charged in Count Three of the Indictment; and

*Two*, Defendant knowingly possessed a firearm in furtherance of that crime.

The phrase "in furtherance of" means furthering, advancing, or helping forward. This means the Government must prove that the Defendant possessed the firearm with the intent that it advance, assist or help commit the crime, but the Government need not prove that the firearm actually did so.

If all of these elements have been proved beyond a reasonable doubt as to Defendant, then you must find Defendant guilty of the crime of possessing a firearm in furtherance of a drug trafficking crime; otherwise you must find Defendant not guilty of this crime. Record your determination on Verdict Form 3.

**INSTRUCTION NO. 27**

The crime of being a felon in possession of a firearm, as Charged in Count Five of the Indictment, has four elements:

*One*, Defendant had been convicted of a crime punishable by imprisonment for more than one year;

*Two*, after that, Defendant knowingly possessed a firearm.

*Three*, at the time he possessed the firearm, Defendant knew he had been convicted of crime punishable by imprisonment for more than one year; and

*Four*, the firearm was transported across a state line at some during or before Defendant's possession of it.

You are instructed that the Government and Defendant have agreed that Defendant has been convicted of a crime punishable by imprisonment for more than one year, and you must consider the first element as proven.

You are instructed that the Government and Defendant have agreed that prior to the time of the offenses alleged in the Indictment, Defendant knew he had been convicted of a crime punishable by imprisonment for more than one year, and you must consider the third element as proven.

You are instructed that the Government and Defendant have agreed that the firearms in question were manufactured in a state other than Missouri, and you must consider the fourth element as proven.

The term "firearm" means any weapon (including a starter gun) which will or is designed to or may be readily converted to expel a projectile by the action of an explosive.

If all of these elements have been proved beyond a reasonable doubt as to Defendant, then you must find Defendant guilty of the crime of being a felon in possession of a firearm; otherwise you must find Defendant not guilty of this crime. Record your determination on Verdict Form 4.

## INSTRUCTION NO. 28

The defendant is not on trial for any act or conduct not specifically charged in the indictment.

**INSTRUCTION NO. 29**

The law recognizes several kinds of possession. A person may have actual possession or constructive possession. A person may have sole or joint possession.

A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, has both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.

Whenever the word "possession" has been used in these instructions it includes actual as well as constructive possession and also sole as well as joint possession.

## INSTRUCTION NO. 30

An act is done knowingly if the Defendant is aware of the act and does not act or fail to act through ignorance, mistake, or accident. The Government is not required to prove that Defendant knew that his acts or omissions were unlawful. You may consider evidence of Defendant's words, acts, or omissions, along with all the other evidence, in deciding whether Defendant acted knowingly.

## INSTRUCTION NO. 31

Intent or knowledge may be proved like anything else. You may consider any acts done and statements made by Defendant in connection with the charged offenses, and all the facts and circumstances in evidence which may aid in a determination of Defendant's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

**INSTRUCTION NO. 32**

A reasonable doubt is a doubt based upon reason and common sense, and not the mere possibility of innocence. A reasonable doubt is the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it. However, proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

# INSTRUCTION NO. 33

In conducting your deliberations and returning your verdict, there are certain rules you must follow.  I will list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson.  That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict—whether guilty or not guilty—must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if Defendant is found guilty, the sentence to be imposed is my responsibility.  You may not consider punishment in any way in deciding whether the Government has proved its case beyond a reasonable doubt.

*Fourth*, if you need to communicate with me during your deliberations, you may send a note to me through the courtroom deputy, Ms. Strodtman, signed by one or more jurors.  I will respond as soon as possible either in writing or orally in open court.  Remember that you should not tell anyone—including me—how your votes stand numerically.

*Fifth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions.  The verdict whether guilty or not guilty must be unanimous.  Nothing

I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

*Finally*, each verdict form is simply the written notice of the decision that you reach for each count.  You will take these forms to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the forms, sign and date them, and advise Ms. Strodtman that you are ready to return to the courtroom.

Case 4:18-cr-00293-DGK   Document 736   Filed 11/09/22   Page 42 of 42